COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (CALIFORNIA BAR NO. 116127)
(RHODESMG@COOLEY.COM)
JOHN S. KYLE (CALIFORNIA BAR NO. 199196)
(JKYLE@COOLEY.COM)
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

**[Counsel continued on next page]**

Attorneys for Plaintiffs
MUTUAL PHARMACEUTICAL COMPANY, INC., AR SCIENTIFIC, INC., and AR HOLDING COMPANY, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUTUAL PHARMACEUTICAL COMPANY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WATSON PHARMACEUTICALS, INC., et al.,<br><br>Defendants.<br>_____<br>WEST-WARD PHARMACEUTICAL CORP., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>MUTUAL PHARMACEUTICAL COMPANY, INC., a Pennsylvania corporation; AR SCIENTIFIC, INC., a Delaware corporation; and AR HOLDING COMPANY, INC., a Delaware corporation,<br><br>Counterdefendants. | Case No. CV 09-05700 PA (RZx)<br>*Related to*: CV 09-05761 PA (RZx)<br>Honorable Percy Anderson<br><br><br><br><br><br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO (1) DISMISS WEST-WARD'S COUNTERCLAIM, OR IN THE ALTERNATIVE, STRIKE PORTIONS THEREOF, AND (2) STRIKE WEST-WARD'S EIGHTEENTH AFFIRMATIVE DEFENSE**<br><br>**Time: 1:30 p.m.**<br>**Date: November 2, 2009**<br>**Courtroom No. 15** |

PETER J. WILLSEY (*PRO HAC VICE*)
(PWILLSEY@COOLEY.COM)
NISHAN KOTTAHACHCHI (CALIFORNIA BAR NO. 221612)
(NKOTTAHACHCHI@COOLEY.COM)
BRENDAN J. HUGHES (*PRO HAC VICE*)
(BHUGHES@COOLEY.COM)
777 6th Street N.W., Suite 1100
Washington, DC 20001-3703
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

VALLE & ASSOCIATES
JEFFREY B. VALLE (CALIFORNIA BAR NO. 110060)
(JVALLE@VALLEASSOCIATES.COM)
THOMAS P. FRIEDMAN (CALIFORNIA BAR NO. 205407)
(TFRIEDMAN@VALLEASSOCIATES.COM)
11911 San Vicente Blvd., Suite 324
Los Angeles, CA 90049
Telephone: (310) 476-0300
Facsimile: (310) 476-0333

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ...................................................................................................1
II. STATEMENT OF FACTS ......................................................................................1
III. LEGAL STANDARD .............................................................................................2
IV. ARGUMENT ..........................................................................................................3
   A. West-ward Fails to State a Claim for Intentional Interference with Contractual Relations ...................................................................3
      1. West-ward Fails to Adequately Plead a Valid Contract Between West-ward and a Third Party ........................................4
      2. West-ward Does Not Allege That Mutual Had Knowledge of Any of West-ward's Contracts ................................................6
      3. West-ward Does Not Allege That Mutual Caused a Breach or Disruption of Any Contractual Relationship .............7
   B. West-ward's Immaterial and Impertinent Allegations Should be Stricken From Its Counterclaim ..........................................................8
   C. West-ward's Eighteenth Affirmative Defense Should be Stricken From Its Answer ....................................................................9
V. CONCLUSION ......................................................................................................9

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Accuimage Diagnostics Corp. v. Terarecon, Inc.*,
260 F. Supp. 2d 941 (N.D. Cal. 2003) ........................................................... 4

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009) ............................................................................ 3, 5, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................... 3, 6

*Brown v. Allstate Ins. Co.*,
17 F. Supp. 2d 1134 (S.D. Cal. 1998) ............................................................ 4

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1992) *rev'd on other grounds* 510 U.S. 517 (1994) .............................................................................................................. 8

*In re Charles Schwab Corp. Secs. Litig.*,
257 F.R.D. 534 (N.D. Cal. 2009) .................................................................. 4

*Infuturia Global, Ltd. v. Sequus Pharm., Inc.*,
No. C 08-4871, 2009 U.S. Dist. LEXIS 13570 (N.D. Cal. Feb. 23, 2009) ....................................................................... 2, 6, 7

*Katzenbach v. Grant*,
1:04-cv-6501, 2005 U.S. Dist. LEXIS 46756 (E.D. Cal. June 7, 2005) .............. 7

*Kentmaster Mfg. Co. v. Jarvis Prods. Corp.*,
146 F. 3d 691 (9th Cir. 1998) ........................................................................ 4

*Lee v. General Nutrition Cos.*,
CV 00-13550, 2001 U.S. Dist. LEXIS 24739 (C.D. Cal. Nov. 26, 2001) .......... 5

*Pacific Gas & Electric Co., v. Bear Stearns & Co.*,
50 Cal.3d 1118 (1990) ........................................................................ 3, 6, 7, 8

*Qwest Commc'ns Corp. v. Herakles, LLC*,
No. 2:07-cv-00393, 2008 U.S. Dist. LEXIS 22154 (E.D. Cal. Mar. 20, 2008) ............................................................................................................... 5

*SAP Am. v. Kensington & Taylor*,
No. CV 96-1327, 1997 U.S. Dist. LEXIS 24125 (C.D. Cal. Feb. 10, 1997) ... 4, 7

*Silicon Image, Inc. v. Analogix Semiconductor, Inc.*,
No. C-07-0635, 2007 U.S. Dist. LEXIS 39599 (N.D. Cal. May 16, 2007) ......... 5

*UMG Recs., Inc. v. Norwalk Distributors, Inc.*,
No. SACV 02-1188, 2003 U.S. Dist. LEXIS 26303 (N.D. Cal. June 12, 2003) ............................................................................................................... 4

# Table of Authorities
## (Continued)

**Page**

**Rules**

Fed. R. Civ. P.
  8(a)(2) ............................................................................................................. 3
  12(b)(6) ..................................................................................................... 2, 3, 9
  12(f) ............................................................................................................. 8, 9

## I. INTRODUCTION

West-ward Pharmaceutical Corp.'s ("West-ward") counterclaim for intentional interference with contractual relations does not identify a single third party or contract with which counterdefendants Mutual Pharmaceutical Company, Inc., AR Scientific, Inc. and AR Holding Company, Inc. (collectively, "Mutual") allegedly interfered. Nor does West-ward allege Mutual's knowledge of *any* of West-ward's contracts. As such, it is not surprising that there are no facts pled showing how Mutual's conduct caused an actual breach or disruption of any contractual relationship.

Knowing that it will, as a result of this action, soon be forced to halt its unlawful advertising and promotion of its unapproved colchicine products, West-ward's counterclaim is a transparent effort to turn the tables on Mutual. In doing so, West-ward does not come close to pleading the required elements of its purported interference claims. Instead of, for example, identifying the specific contractual relationships at issue and the parties to them, or specifying how such contractual relations have been actually impaired, West-ward meekly points to "various contractual relationships" and then tries to bolster its defense to Mutual's claims by citing irrelevant, immaterial and inflammatory matters.

Because West-ward has failed to plead the essential elements of a claim for intentional interference with contractual relations, its counterclaim should be dismissed. Additionally, paragraphs 13 and 14 of West-ward's counterclaim and its Eighteenth Affirmative Defense in its answer should be stricken.

## II. STATEMENT OF FACTS

Mutual is the only manufacturer approved by the Food and Drug Administration ("FDA") to manufacture and market products containing colchicine as the single active ingredient.[1] Despite this, West-ward continues to illegally

---

[1] The FDA has approved another drug product containing probenecid and colchicine in a fixed combination, but Mutual is the only company with FDA approval for a drug containing colchicine as the sole active ingredient. For purposes of convenience, the term "colchicine products" as used herein shall refer only to drug products containing colchicine as the sole active ingredient.

1. **PLAINTIFFS' MOTION TO DISMISS WEST-WARD'S COUNTERCLAIM**

market, advertise and promote colchicine products that include improper dosing guidelines and fail to warn consumers about potentially serious drug-drug interactions. As alleged in Mutual's complaint, West-ward's continued advertising and marketing practices are causing consumer confusion and ongoing irreparable harm to Mutual.

In response, West-ward filed a counterclaim for intentional interference with contractual relations against Mutual. West-ward's counterclaim does not identify a single party or contract with which Mutual allegedly interfered, but rather provides the vague and generalized allegation that Westward "has valid contractual relationships with various purchasers of prescription drugs, including pharmacies and wholesale purchasers." Counterclaim at ¶ 17. The counterclaim does not allege that Mutual had knowledge of any specific contractual relationship between West-ward and any third party, and does not describe the way in which Mutual's actions allegedly caused an actual breach or disruption of any contractual relationship. It further includes immaterial and irrelevant allegations about Mutual's manufacturing practices in an attempt to prejudice Mutual.

West-ward also answered Mutual's complaint and raised the purported affirmative defense of "behavior antithetical to acceptable commercial practice." Answer at 20:19-20. West-ward's Answer provided five paragraphs in support of this defense which make further allegations about Mutual's manufacturing practices and alleged anti-competitive behavior.

### III. LEGAL STANDARD

Upon motion, a complaint may be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) (2007). "When considering a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint is liberally construed and all well-pleaded facts are taken as true." *Infuturia Global, Ltd. v. Sequus Pharm., Inc.*, No. C 08-4871, 2009 U.S. Dist. LEXIS 13570, at *7 (N.D. Cal. Feb. 23, 2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

West-ward's counterclaim does not comply with the notice pleading standard of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV. ARGUMENT

### A. West-ward Fails to State a Claim for Intentional Interference with Contractual Relations.

In order to state a claim for intentional interference with contractual relations, West-ward must plead:

> "(1) a valid contract between [West-ward] and a third party; (2) [Mutual's] knowledge of this contract; (3) [Mutual's] intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."

*Pacific Gas & Electric Co., v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990). West-ward fails to plead the first, second and fourth elements of this cause of action, and therefore its claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

1. **West-ward Fails to Adequately Plead a Valid Contract Between West-ward and a Third Party.**

It is axiomatic that West-ward cannot properly plead the first element of intentional interference with contractual relations—the existence of a valid contract between itself and a third party—without first identifying the contract that was allegedly interfered with and the parties thereto. *See Kentmaster Mfg. Co. v. Jarvis Prods. Corp.*, 146 F. 3d 691, 694-95 (9th Cir. 1998) (affirming dismissal of intentional interference with contractual relations claim where plaintiff generally alleged interference with "its contracts with slaughterhouses," but did not "identify any … contracts"); *see also In re Charles Schwab Corp. Secs. Litig.*, 257 F.R.D. 534, 552 (N.D. Cal. 2009) (dismissing claim for intentional interference with contractual relations because the "complaint never identifie[d] the parties to the alleged contract"); *UMG Recs., Inc. v. Norwalk Distributors, Inc.*, No. SACV 02-1188, 2003 U.S. Dist. LEXIS 26303, at *7 (N.D. Cal. June 12, 2003) ("Norwalk does not identify any specific contract in its counterclaim, instead referring to 'various valid contracts.' Accordingly Norwalk's counterclaim for intentional interference with contractual relations is hereby DISMISSED.") (emphasis in original); *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 956 (N.D. Cal. 2003) (dismissing claim for intentional interference with contractual relations because plaintiff made only "conclusory allegations that valid 'contracts' exist[ed] between itself and an unspecified third party"); *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 (dismissing claim for intentional interference with prospective economic advantage where plaintiff 'fail[ed] to identify any specific existing relationships with which [defendant] tortiously interfered") (S.D. Cal. 1998); *SAP Am. v. Kensington & Taylor*, No. CV 96-1327, 1997 U.S. Dist. LEXIS 24125, at *24-25 (C.D. Cal. Feb. 10, 1997) (dismissing counterclaim where

counterclaimant alleged only that it "had valid and existing contracts with customers").[2]

Here, as noted, West-ward does not identify a single entity or contract with which Mutual allegedly interfered. The sole charging allegation is that West-ward "has valid contractual relationships with various purchasers of prescription drugs, including pharmacies and wholesale purchasers." Counterclaim at ¶ 17. West-ward's naked assertion that it "has contractual relationships with various purchasers" (*id*) leaves open many questions necessary for the Court to determine whether its counterclaim is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. For example: Does West-ward allege that Mutual interfered with *all* West-ward's contractual relationships with purchasers of prescription drugs? Are the parties West-ward allegedly contracted with the same parties which Mutual allegedly made false statements to? Do the contracts West-ward alleges even involve the sale of colchicine? What are the terms of the alleged contracts and in what way did Mutual's conduct cause an actual breach or disruption? Did Mutual have any privity with West-ward's alleged contractual partners?

The counterclaim provides no answers to these questions. Absent allegations as to which contracts are at issue, the identities of the contracting parties that allegedly have been the subject of the interference, and how and in what way the

---

[2] These cases should be distinguished from cases where the plaintiff alleged that defendant interfered with *all* of its customers or contracts. In such cases, courts have allowed more generalized pleading of the existence of a contract because the third parties allegedly interfered with are clearly defined. *See Qwest Commc'ns Corp. v. Herakles, LLC*, No. 2:07-cv-00393, 2008 U.S. Dist. LEXIS 22154, at *31 (E.D. Cal. Mar. 20, 2008) (finding that plaintiff properly pled the existence of a contract by reference to the "discrete group of third parties with which [plaintiff] had already contracted"); *Silicon Image, Inc. v. Analogix Semiconductor, Inc.*, No. C-07-0635, 2007 U.S. Dist. LEXIS 39599, at *11 (N.D. Cal. May 16, 2007) (finding that plaintiff properly pled the existence of a contract where plaintiff alleged that defendant interfered with the Software License Agreements necessarily in place between plaintiff and all its customers); *Lee v. General Nutrition Cos.*, CV 00-13550, 2001 U.S. Dist. LEXIS 24739, at *34 (C.D. Cal. Nov. 26, 2001) (finding that plaintiff properly pled the existence of a contract where plaintiff alleged that defendant's actions, including among other things, placing a competing store within close proximity of plaintiff's location, interfered with plaintiff's contracts with all its customers).

1  contractual relationships have been actually impaired or disrupted by Mutual, West-ward's counterclaim cannot proceed. Such elementary facts are required to "give [Mutual] fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Absent that specificity, West-ward has not pled enough "factual content [to] allow[] the court to draw the reasonable inference that [Mutual] is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. 1937, 1949.

**2. West-ward Does Not Allege That Mutual Had Knowledge of Any of West-ward's Contracts.**

Additionally, West-ward's counterclaim fails to allege the required element that Mutual had knowledge of the (here, unspecified) contract(s) with which Mutual allegedly interfered. *See Pacific Gas & Electric Co., v. Bear Stearns & Co.*, 50 Cal.3d at 1126; *see also Sequus Pharm., Inc.*, 2009 U.S. Dist. LEXIS 13570, at *14 (Ordering plaintiff "to allege facts to show that [defendant] knew of [plaintiff's] contractual relationship").

The closest West-ward comes to pleading this element is its allegation that "Mutual knew that its misrepresentations would be substantially certain to interfere with West-ward's existing business relationships." Counterclaim at ¶ 23. However, it does not follow from this allegation that Mutual knew of the existence of any *contracts* between West-ward and any third parties. West-ward merely alleges that Mutual knew of West-ward's "business relationships." Indeed, West-ward says nothing more than that Mutual was aware that West-ward had customers who bought West-ward's products. This generalized assertion does not provide the required level of actual knowledge of a specified contractual relationship (for the purchase or sale of colchicine products, for example) for purposes of making out the intentional tort of interference with contractual relations.

6.  **PLAINTIFFS' MOTION TO DISMISS WEST-WARD'S COUNTERCLAIM**

### 3. West-ward Does Not Allege That Mutual Caused a Breach or Disruption of Any Contractual Relationship.

Finally, West-ward does not allege that Mutual's conduct caused an actual breach or disruption of any contractual relationship. *See Pacific Gas & Electric Co.*, 50 Cal.3d at 1126; *see also Sequus Pharm., Inc.*, 2009 U.S. Dist. LEXIS 13570, at *14 (Ordering plaintiff "to allege facts to show that [defendant] … disrupt[ed] [plaintiff's] contractual relationship"). West-ward alleges only that "Mutual's actions have induced medical professionals, pharmacists and other purchasers of colchicine tablets not to prescribe, recommend or purchase West-ward's [colchicine] tablets." Counterclaim at ¶ 24. However, since West-ward has failed to identify a single contract, let alone the nature of such a contract anywhere in its counterclaim, it is impossible to determine whether (and how) Mutual's alleged conduct could plausibly constitute disruption of a contract.

To the contrary, West-ward actually pleads that it "***has*** valid contractual relationships with various purchasers of prescription drugs." Counterclaim at ¶ 28 (emphasis added). Given that West-ward still "has" these purported contractual relationships, it is not at all clear what Mutual had done to cause such relationships to be actually disrupted. *See SAP Am.*, 1997 U.S. Dist. LEXIS 24125, at *25 ("If the list contains the names of '*existing*' customers, then it is difficult to understand what contract has been lost or disrupted by [the] alleged interference and more clarification is needed in this regard.") (emphasis added); *see also Katzenbach v. Grant*, 1:04-cv-6501, 2005 U.S. Dist. LEXIS 46756, at *46 (E.D. Cal. June 7, 2005) (dismissing claim for intentional interference with contractual relations because "[p]laintiffs … [did] not allege[] an actual breach of the alleged contractual relationship, and in fact allege[d] the opposite when they assert[ed] that 'said project with [the third parties] is currently, as of the date of [the] complaint … in development'").

### B. West-ward's Immaterial and Impertinent Allegations Should be Stricken From Its Counterclaim.

On motion, "[t]he court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (2007). The Ninth Circuit has defined immaterial matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1992) *rev'd on other grounds* 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary to the issues in question." *Id*. "Superfluous historical allegations are the proper subject of a motion to strike," especially where they "create[] serious risk of prejudice[,] delay and confusion of the issues." *Id*. at 1527-28.

Rather than provide even the most basic factual allegations in support of its claim for intentional interference with contractual relations, West-ward fills its counterclaim with irrelevant and inflammatory claims disparaging Mutual's manufacturing practices. West-ward alleges, *inter alia*, that Mutual's "raw material is sourced from a Sanmar facility in … India[] that is not GMP (good manufacturing practices) compliant [and] has never been inspected by the FDA," and that Mutual's "advertised specifications, label claims and expiry date cannot be trusted." Counterclaim at ¶¶ 13-14. These allegations have no essential or important relationship to any of the five elements that West-ward must prove in order to succeed on its counterclaim for intentional interference with contractual relations. *Pacific Gas & Electric Co., v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990).

Not only are such matters irrelevant to the issues in question, they appear to have been included solely to sling mud in an attempt to prejudice the Court from the merits of Mutual's main action, and, if allowed to stand, potentially open the door to irrelevant, time consuming and unduly burdensome discovery requests.

Therefore, the Court should strike paragraphs 13 and 14 from West-ward's counterclaim pursuant to Fed. R. Civ. P 12(f).

### C. West-ward's Eighteenth Affirmative Defense Should be Stricken From Its Answer.

Likewise, West-ward's Eighteenth Affirmative Defense, and paragraphs 1 through 5 in support thereof, should be stricken from its answer. First, Mutual has found no precedent for the defense of "behavior antithetical to acceptable commercial practice." Answer at 20:19-20. Second, to the extent that West-ward argues that Mutual is not entitled to relief because it has acted inequitably, West-ward's Eighteenth Affirmative defense is redundant of its Fourth Affirmative Defense, "unclean hands." Answer at 19:3-5. Third, paragraph 3 of West-ward's Eighteenth Affirmative Defense involves the same subject matter as paragraphs 13 and 14 of its counterclaim, and is immaterial and impertinent for the reasons discussed in Section III(B), *supra*. Fourth, this defense and the supporting allegations are included solely to cast Mutual in an unfavorable light, and, if allowed to stand, would prejudice Mutual and open the door to irrelevant and unduly burdensome discovery requests. Therefore, they should be stricken pursuant to Fed. R. Civ. P. 12(f).

## V. CONCLUSION

For the foregoing reasons, Mutual respectfully requests that the Court dismiss West-ward's counterclaim pursuant to Fed. R. of Civ. P. 12(b)(6) for failure to state a claim or, in the alternative, strike paragraphs 13 and 14 of West-ward's counterclaim. Mutual further respectfully requests that the Court strike West-ward's Eighteenth Affirmative Defense under Fed. R. Civ. P. 12(f).

Dated: October 9, 2009     COOLEY GODWARD KRONISH LLP

s/Michael G. Rhodes
MICHAEL G. RHODES

MICHAEL G. RHODES (CALIFORNIA BAR NO. 116127)
PETER J. WILLSEY (*Pro Hac Vice*)
JOHN S. KYLE (CALIFORNIA BAR NO. 199196)
NISHAN KOTTAHACHCHI (CALIFORNIA BAR NO. 221612)
BRENDAN J. HUGHES (*Pro Hac Vice*)

Attorneys for Plaintiffs

MUTUAL PHARMACEUTICAL COMPANY, INC., AR SCIENTIFIC, INC., and AR HOLDING COMPANY, INC.