Clark Sullivan, Esq. (*pro hac vice*)
Email:    clark.sullivan@agg.com
Jared M. Lina, Esq. (*pro hac vice*)
Email:    jared.lina@agg.com
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-8512
Facsimile:  (404) 873-8513

Mark A. Neubauer (SBN 73728)
Email:    mneubauer@steptoe.com
Rebecca Edelson (SBN 150464)
Email:    redelson@steptoe.com
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone: (310) 734-3200
Facsimile:  (310) 734-3300

Attorneys for Defendant and Counterclaimant
WEST-WARD PHARMACEUTICAL CORP.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUTUAL PHARMACEUTICAL COMPANY, INC., *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>WATSON PHARMACEUTICALS, INC., *et al.*<br><br>Defendants.<br><br>———————————————<br>WEST-WARD PHARMACEUTICAL CORP.<br><br>Counterclaimant,<br><br>v.<br><br>MUTUAL PHARMACEUTICAL COMPANY, INC., *et al.*,<br><br>Counterdefendants. | Case No.: CV 09-05700 PA (RZx)<br><br>**DEFENDANT WEST-WARD'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO (1) DISMISS WEST-WARD'S COUNTERCLAIM, OR IN THE ALTERNATIVE, STRIKE PORTIONS THEREOF, AND (2) STRIKE WEST-WARD'S EIGHTEENTH AFFIRMATIVE DEFENSE**<br><br>The Honorable Percy Anderson<br><br>Date:     November 2, 2009<br>Time:     1:30 p.m.<br>Place:    Courtroom 15<br>          312 N. Spring Street<br>          Los Angeles, CA 90012 |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS ............................................................................. 2

III. LEGAL STANDARD .................................................................................... 3

IV. ARGUMENT ................................................................................................. 4

    A.    West-Ward Sufficiently Stated a Claim for Tortious Interference ........ 4

          1.    West-Ward Adequately Pled that Valid Contracts Exist between West-Ward and Third Parties ........................................ 4

          2.    West-Ward Expressly Alleged that Mutual Had Knowledge of West-Ward's Contractual Relationships .............. 8

          3.    West-Ward Adequately Alleged that Mutual Caused a Disruption of Contractual Relationships ..................................... 8

    B.    Mutual's Motion to Strike Certain Allegations Contained in West-Ward's Counterclaim Should be Denied ................................... 10

    C.    Mutual's Motion to Strike West-Ward's Eighteenth Affirmative Defense Should Also be Denied. ....................................................... 11

    D.    West-Ward Requests Leave to Amend its Counterclaim if the Court Determines that Any Portion Thereof is Inadequate ......... 13

III. CONCLUSION ............................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Accuimage Diagnostics Corp. v. Terarecon*
   260 F. Supp. 2d 941 (N.D. Cal. 2003)......................................................................7

*Alicea v. GE Money Bank*
   No. C 09-00091, 2009 WL 2136969 (N.D. Cal. July 16, 2009)..................3, 8

*Altera Corp. v. Clear Logic, Inc.*
   424 F. 3d 1079 (9th Cir. 2005)..............................................................................6

*Breier v. Northern Cal. Bowling Proprietors Ass'n*
   316 F.2d 787 (9th Cir. 1963)...............................................................................13

*Guidiville Band of Pomo Indians v. NGV Gaming, Ltd.*
   531 F. 3d 767 (9th Cir. 2008)................................................................................4

*In re Charles Schwab Corp. Secs. Litig.*
   257 F.R.D. 534 (N.D. Cal. 2009).......................................................................6, 7

*Internet Specialties West, Inc. v. Milon-DiGiorgio Enter., Inc.*
   559 F. 3d 985 (9th Cir. 2009)..............................................................................12

*Kentmaster Mfg. Co. v. Jarvis Prods. Corp.*
   146 F. 3d 691 (9th Cir. 1998)................................................................................7

*LeDuc v. Ky. Cent. Life Ins. Co.*
   814 F. Supp. 820 (N.D. Cal. 1992).....................................................................10

*Sebastian Int'l, Inc. v. Russolillo*
   162 F. Supp. 2d 1198 (C.D. Cal. 2001)............................................................6, 9

*Stassart v. Lakeside Joint School Dist.*
   No. C 09-1131, 2009 WL 3188244 (N.D. Cal. Sept. 29, 2009)..............10, 11

*Swingless Golf Club Corp. v. Taylor*
   No. C 08-05574, 2009 WL 2031768 (N.D. Cal. July 7, 2009)...................5, 6

*TrafficSchool.com, Inc. v. EDriver, Inc.*
   2008 WL 4000805 (C.D. Cal. Jun. 4, 2008) ....................................................12

*Winter v. Natural Res. Def. Council, Inc.*
   129 S. Ct. 365 (2008) ............................................................................................12

**Other Authorities**

Fed. R. Civ. P. 15 ........................................................................................................13

Fed. R. Civ. P. 8(a)(2) ........................................................................................1, 3, 4

## I. INTRODUCTION

Contrary to the assertions in Mutual's Motion to Dismiss West-Ward's Counterclaim, or in the Alternative, Strike Portions Thereof, and (2) Strike West-Ward's Eighteenth Affirmative Defense (the "Motion to Dismiss"), a simple review of West-Ward's counterclaim and the allegations contained therein reveals that West-Ward has pleaded more than enough facts to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2) and that all of the factual allegations contained therein are related to the issues set forth in this case. Mutual wants more facts from West-Ward, but West-Ward's counterclaim includes 27 paragraphs of factual allegations, and plainly enough to satisfy the notice pleading requirements of the Federal Rules.

West-Ward's counterclaim for tortious interference with contractual relations is a clearly defined and well-established tort. West-Ward has pleaded a detailed account of the facts, showing specifically that: (1) West-Ward had valid contracts with third parties for the distribution and sales of West-Ward's colchicine tablets (West-Ward's Counterclaim ("Counterclaim") at ¶¶ 12, 15, 17); (2) Mutual knew about West-Ward's contractual business relations with third party purchasers of colchicine (*Id.* at ¶¶ 12, 23); (3) Mutual intentionally attempted to disrupt these contractual relationships by making false and inflammatory statements about West-Ward's colchicine tablets (*Id.* at ¶¶ 8, 9, 12, 13, 14, 18, 19, 20, 21, 22, 23); (4) Mutual, in fact, disrupted these contractual relationships (*Id.* at ¶¶ 15, 24, 25, 26); and (5) West-Ward was damaged as a result (*Id.* at ¶¶ 25, 26, 27). In light of the clearly pled allegations of West-Ward's counterclaim, Mutual's Motion to Dismiss, which is based entirely on semantics and misinterpretations of the law, is severely misplaced.

Mutual's request to strike certain factual allegations and defenses asserted by West-Ward is nothing more than an attempt to conceal facts that support West-Ward's counterclaim, and that are detrimental to Mutual's claim for equitable relief.

Mutual provides no persuasive legal rationale for striking any portion of West-Ward's pleading.

## II. STATEMENT OF FACTS

Mutual filed the current action alleging that the Defendants engaged in false advertising merely because their colchicine tablets were listed on certain electronic databases. Mutual did not actually identify any false or misleading statements made by the Defendants; nor was Mutual able to demonstrate that the mere listing of colchicine tablets on electronic databases causes confusion among consumers.

West-Ward answered the Complaint, denying the claims against it and asserting a counterclaim against Mutual for tortious interference with contractual relations. In its counterclaim, West-Ward asserted, *inter alia*, that (1) West-Ward "has valid contractual relationships with various purchasers of prescription drugs, including pharmacies and wholesale purchasers" (Counterclaim at ¶ 17); (2) "Mutual began representing to purchasers of West-Ward's products that West-Ward's colchicine tablets are unsafe and that the sale of West-Ward's tablets is illegal" (*Id.* at ¶ 8; *see also* ¶12); (3) "Mutual falsely represented that the integrity of its product could be trusted more than West-Ward's product, knowing the significant quality issues that its product faced, and its potential inability to support its own label claims" (*Id.* at ¶ 20); (4) Mutual "made these misrepresentations directly to West-Ward's contractual business partners and prospective purchasers in an intentional effort to monopolize the colchicine market" (*Id.* at ¶ 12); (5) "Mutual knew that its misrepresentations would be substantially certain to interfere with West-Ward's existing business relationships" (*Id.* at ¶ 23); (6) "Mutual's actions have induced medical professionals, pharmacists and other purchasers of colchicine tablets not to prescribe, recommend or purchase West-Ward's tablets" (*Id.* at ¶ 24); and (7) "[b]y reason of Mutual's acts …, West-Ward has suffered … damage to its business, reputation and good will and the loss of sales and profits West-Ward

would have obtained but for Mutual's acts" (*Id.* at ¶ 25)

Mutual has moved this Court to dismiss the counterclaim, attacking specific words utilized by West-Ward and asking a series of hypothetical questions that have either been answered by the express allegations of the counterclaim or will be answered during discovery. In addition, Mutual argues that the counterclaim, as pled, does not provide Mutual with "fair notice of what the . . . claim is and the grounds upon which it rests." (Mutual's Brief at 6, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Mutual also asks this Court to strike certain allegations contained in West-Ward's counterclaim and affirmative defenses pertaining to the quality of Mutual's colchicine tablets, Mutual's disregard for industry standards and Mutual's efforts to monopolize the colchicine market. Mutual wants to remove from this case any evidence of its unethical tortious behavior, even though this behavior is the very "tortious behavior" that forms the basis of West-Ward's claim for tortious interference with West-Ward's contractual relations. Mutual's argument ignores the basis of West-Ward's counterclaim, and also ignores the relevance of these facts to the public interest and unclean hands, issues which also persist in this case.

For the reasons explained below, Mutual's Motion to Dismiss should be denied in its entirety.

### III. LEGAL STANDARD

A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "When a court reviews a motion to dismiss, the complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor." *Alicea v. GE Money Bank*, No. C 09-00091, 2009 WL 2136969, at *2 (N.D. Cal. July 16, 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "Except when specific pleading is

3

required, such as for a claim of fraud, specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*

Mutual's argument that West-Ward's counterclaim does not comply with the pleading requirements of Fed. R. Civ. P. 8(a)(2) misses the mark. Assuming all facts alleged in the counterclaim are true and drawing all reasonable inferences from those facts in favor of West-Ward, Mutual's Motion to Dismiss should be denied.

## IV. ARGUMENT

### A. West-Ward Sufficiently Stated a Claim for Tortious Interference with Contractual Relations.

In stark contrast to Mutual's misapplication and misinterpretation of the pleading requirements of Rule 8(a)(2), under the actual law, West-Ward has pleaded sufficient facts to support each element of its counterclaim for tortious interference with contractual relations. As acknowledged by Mutual, the required elements of West-Ward's counterclaim are:

> (1) a valid contract between [West-Ward] and a third party; (2) [Mutual's] knowledge of the contract; (3) [Mutual's] intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.

*Guidiville Band of Pomo Indians v. NGV Gaming, Ltd.*, 531 F. 3d 767, 774 (9th Cir. 2008). Mutual contends that West-Ward failed to sufficiently plead the first, second and fourth elements. The pleading reveals otherwise.

### 1. West-Ward Adequately Pled that Valid Contracts Exist between West-Ward and Third Parties.

In its counterclaim, West-Ward asserted, *inter alia*, that West-Ward "has

valid contractual relationships with various purchasers of prescription drugs, including pharmacies and wholesale purchasers" (Counterclaim at ¶ 17), that West-Ward "distribut[es] colchicine tablets to pharmacies and wholesalers throughout the United States" (*Id.* at ¶ 6), that West-Ward has "contractual business partners . . . [in] . . . the colchicine market" (*Id.* at ¶ 12), and that "Mutual's actions have disrupted and interfered with West-Ward's existing business relationships" (*Id.* at ¶ 15).

West-Ward's allegations in support of its counterclaim are more than sufficient to identify the existence of valid contracts between West-Ward and third parties. Specifically, West-Ward has identified the general class of contracts with which Mutual has interfered – contracts between West-Ward, on the one hand, and purchasers of colchicine tablets throughout the United States, on the other. In an extremely similar case, *Swingless Golf Club Corp. v. Taylor*, No. C 08-05574, 2009 WL 2031768 (N.D. Cal. July 7, 2009), the Complaint at issue "allege[d] that plaintiff has contractual relationships with customers for the swingless golf club, that defendants were aware of those agreements, and that defendants intentionally interfered with and ended those agreements by representing to buyers that defendants were the exclusive owners of the patents in dispute." *Id.* at *4. Importantly, the Court unequivocally concluded that "**[a]lthough the complaint does not point to a single contract, it does allege a specific class of existing contracts** that defendants purportedly induced the breach thereof – those existing between plaintiff and its customers for the swingless golf club." *Id.* (emphasis supplied).

In the *Swingless Golf Club* case, the defendant argued that "plaintiff has not stated which parties plaintiff contracted with, which contracts were interfered with, and when those contracts were entered into." *Id.* at *4. Ironically, Mutual asserted the exact same arguments and proposed almost identical questions in this case.

5

(See Mutual's Brief at 5). Importantly, the Court in *Swingless Golf Club* rejected the exact arguments made by Mutual, concluding that "[t]hese facts will be readily obtainable in discovery," and that "[t]he complaint is sufficiently detailed to allow Defendants to understand the claims against them." *Id.* at *4.

Mutual's primary argument that West-Ward is required to identify the specific parties to each contract in question has been consistently rejected by the federal courts of this State. *See Swingless Golf Club* at *4 (holding that the complaint "survives a motion to dismiss" despite the fact that "the complaint does not point to any single contract"); *Sebastian Int'l, Inc. v. Russolillo*, 162 F. Supp. 2d 1198, 1203 (C.D. Cal. 2001) (holding that in pleading a claim for tortious interference with contractual relations, "the Plaintiff does not have to identify the specific contractual relations which have allegedly been disrupted."); *Altera Corp. v. Clear Logic, Inc.*, 424 F. 3d 1079 (9th Cir. 2005) ("When the defendant performs the act that causes the interference, the defendant need not know exactly who is a party to the contract ....").[1]

Mutual cites a series of inapposite cases in support of its novel theory that West-Ward is required to identify, with specificity, each and every contract that Mutual interfered with and the identities of all of the parties thereto. As demonstrated above, Mutual's interpretation of the federal pleading requirements is plainly incorrect. A simple reading of the cases cited by Mutual reveals the inapplicability of those cases to the present action, in addition to Mutual's self-serving misinterpretation of those cases.

In particular, Mutual cites *In re Charles Schwab Corp. Secs. Litig.*, 257 F.R.D. 534, 552 (N.D. Cal. 2009) for the purported bright-line rule that this Court should "dismiss [the] claim for intentional interference with contractual relations

---

[1] Interestingly, in a footnote to its Motion to Dismiss, Mutual acknowledges a string cite of cases that are consistent with the holdings from *Swingless Golf* Clubs, *Sebastian International*, and *Altera Corp.*

because the 'complaint never identifie[d] the parties to the alleged contract.'" (Mutual's Brief at 4.) In reality, the Court in *Charles Schwab* dismissed the tortious interference claim because "the complaint fails to plead facts from which the existence of a contract could plausibly be inferred." *Id.* at 552. Specifically, the Court noted that the complaint at issue "fails to provide notice of . . . the contract's lawful object and the nature of the consideration provided by the parties," and that the complaint admits that the defendants were parties to the contract with which it allegedly interfered. *Id.* Mutual's interpretation of *Charles Schwab* is not the least bit indicative of the court's actual holding and is not helpful in the present case.

Mutual misinterprets *Kentmaster Mfg. Co. v. Jarvis Prods. Corp.*, 146 F. 3d 691, 694-95 (9th Cir. 1998) in the exact same manner. In reality, the Court in *Kentmaster* merely concluded that "Kentmaster has not identified any existing contracts and does not even directly allege that any contracts were breached." *Id.* at 695. This case hardly stands for the principle that a party must clearly describe every specific factual detail of the contracts in question. Instead, *Kentmaster* requires the claimant to "allege a valid and existing contract" and to allege that the respondent breached or otherwise disrupted the contract. *Id.* As described above, West-Ward has sufficiently fulfilled this burden.

Similarly, in *Accuimage Diagnostics Corp. v. Terarecon*, 260 F. Supp. 2d 941 (N.D. Cal. 2003), another case cited by Mutual for the purported rule that the failure to identify the specific parties to a contract is fatal to West-Ward's counterclaim, the Court held that "[a]bsent notice to the defendants of some facts surrounding the type or nature of the 'contract' their conduct allegedly interfered with, the court must dismiss this claim with leave to amend." *Id.* at 956. Of course, as referenced above, West-Ward's counterclaim clearly specifies that the contracts at issue were contracts between West-Ward and purchasers of colchicine

tablets. Therefore, the holding from *Accuimage* is completely inapplicable to the present case. Under the actual pleading requirements of Rule 8(a)(2), West-Ward has sufficiently pled the existence of valid contracts in this case.

### 2. West-Ward Expressly Alleged that Mutual Had Knowledge of West-Ward's Contractual Relationships.

West-Ward specifically alleged in its counterclaim that "Mutual knew that its misrepresentations would be substantially certain to interfere with West-Ward's existing business relationships." (Counterclaim at ¶ 24.) Mutual admits as much in its Motion to Dismiss, but apparently takes issue with West-Ward's choice of words. Mutual's semantics are not sufficient to support a Motion to Dismiss. "Drawing all reasonable inferences from those facts [alleged in the counterclaim] in [West-Ward's] favor," it is clear that the phrase "business relationships" is interchangeable with the phrase "contractual relationships" for the purposes of the counterclaim. *See Alicea v. GE Money Bank*, No. C 09-00091, 2009 WL 2136969, at *2 (N.D. Cal. July 16, 2009).

In particular, West-Ward specifically alleged that Mutual "made [false and disparaging] representations directly to West-Ward's <u>contractual business partners</u>," and that "Mutual knew that its misrepresentations would be substantially likely to interfere with West-Ward's existing business relationships." (Counterclaim at ¶¶ 12, 23.) Read together, there can be no doubt that West-Ward was referring to its contractual business partners. Any alternative interpretation would be implausible, especially considering the liberal construction of West-Ward's counterclaim required by federal law. *Alicea*, 2009 WL 2136969, at *2.

### 3. West-Ward Adequately Alleged that Mutual Caused a Disruption of Contractual Relationships.

As discussed above, West-Ward alleged that it has valid contractual relationships with purchasers of colchicine tablets, "including pharmacies and

wholesale purchasers." West-Ward has also alleged that Mutual made false and inflammatory statements about West-Ward's colchicine tablets to its contractual purchasers of colchicine tablets. Finally, West-Ward has specifically alleged that "Mutual's actions have interfered with West-Ward's existing business relationships," "have resulted in diminished sales for West-Ward," and "have induced medical professionals, pharmacists and other purchasers of colchicine tablets not to prescribe, recommend or purchase West-Ward's tablets," and that West-Ward "has suffered … damages to its business, reputation and good will and the loss of sales and profits West-Ward would have obtained but for Mutual's acts," and "has also been forced to incur costs to counter the false statements made by Mutual." West-Ward has pled sufficient facts to put Mutual on notice that its conduct disrupted West-Ward's contractual relationships. Mutual's argument to the contrary ignores the plain language of West-Ward's counterclaim.

In its Motion to Dismiss, Mutual focuses on the fact that West-Ward still "has" contractual relationships with purchasers of colchicine tablets, and concludes that since the contracts are still in effect, West-Ward must not have been harmed. (Mutual's Brief at 7.) The law directly opposes such a rigid rule. *Sebastian Int'l, Inc. v. Russolillo*, 162 F. Supp. 2d 1198, 1204 (C.D. Cal. 2001) ("California courts have made clear that 'interference' does not necessarily require evidence of any 'breach.'") In contrast, the California courts have taken a much more relaxed approach with respect to the damages element of West-Ward's claim, stating that "in order to satisfy this element, Plaintiffs have to offer credible evidence that Defendants intentional actions resulted in greater expense or burden on the performance of its contractual obligations with third parties." *Id.* at 1205. Especially at the pleading stage, West-Ward has certainly satisfied this burden.[2]

---

[2] Mutual implies that it can only be liable to West-Ward if its conduct interfered with existing contracts. While Mutual's conduct did interfere with West-Ward's existing contracts, as alleged in West-Ward's counterclaim, West-Ward

9

ARNALL GOLDEN GREGORY LLP
ATTORNEYS AT LAW
ATLANTA

2692209v3

### B. Mutual's Motion to Strike Certain Allegations Contained in West-Ward's Counterclaim Should be Denied.

"Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation." *Stassart v. Lakeside Joint School Dist.*, No. C 09-1131, 2009 WL 3188244, at *6 (N.D. Cal. Sept. 29, 2009) (citing *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820 (N.D. Cal. 1992)). "Allegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendants." *Id.* (internal quotations omitted). "Moreover, allegations that contribute to a full understanding of the complaint as a whole need not be stricken." *Id.*

The allegations of the counterclaim that Mutual finds objectionable state that (1) Mutual is aware that its product is not a legitimate substitute for West-Ward's product; (2) Mutual's product is manufactured in material disregard of industry standard good manufacturing practices and requirements; (3) the facility used to produce Mutual's tablets is not compliant with FDA requirements and has never been inspected by the FDA; and (4) Mutual's supply facility was cited for severe violations by French Health Authorities in a recent inspection. (Counterclaim at ¶¶ 13, 14.) Mutual asks this Court to strike paragraphs 13 and 14 of West-Ward's counterclaim on the ground that "such matters [are] irrelevant to the issues in question, [and] they appear to have been included solely to sling mud in an attempt to prejudice the Court from the merits of Mutual's main action."

To the contrary, the crux of West-Ward's counterclaim is that Mutual has intentionally interfered with West-Ward's existing contractual relations, by informing consumers that its product can and should be purchased and dispensed instead of West-Ward's, with full knowledge that its products are not substitutable

---

intends to seek leave to add a counterclaim for the well-established tort of intentional interference with prospective economic advantage.

10

ARNALL GOLDEN GREGORY LLP
ATTORNEYS AT LAW
ATLANTA

for West-Ward's because of the inferior manufacturing processes employed by Mutual and its contract manufacturers. West-Ward has affirmatively alleged on information and belief that Mutual "falsely represented that the integrity of its product could be trusted more than West-Ward's product," and Mutual has not challenged the sufficiency of these allegations. (Counterclaim ¶ 20). In support of those allegations, West-Ward points to the inferior manufacturing used in Mutual's process. These two paragraphs are relevant because they "supply[] background or historical material" in support of West-Ward's allegations and, at a minimum, "contribute to a full understanding" of the counterclaim as a whole. *See Stassart*, 2009 WL 3188244, at *6. Mutual's contrary position is not supportable.

In addition, Mutual claims that if these allegations are allowed to stand, they will "potentially open the door to irrelevant, time consuming and unduly burdensome discovery requests." Ironically, Mutual was the party that filed this action and Mutual was the party that sought injunctive relief to shut down West-Ward's colchicine operations. Mutual has expressly acknowledged that the public interest is an essential element of such injunctive relief. For Mutual to now argue that facts regarding the inferior quality of its colchicine tablets are "irrelevant to the issues in question" is disingenuous at best.

### C. Mutual's Motion to Strike West-Ward's Eighteenth Affirmative Defense Should Also be Denied.

For the same reasons asserted in Section B, *supra*, Mutual's request to have this Court strike West-Ward's Eighteenth Affirmative Defense should be denied. In its Eighteenth Affirmative Defense, West-Ward alleges that Mutual has attempted to "tie up all suppliers of colchicine raw material into exclusive dealing agreements," and that "Plaintiffs are distributing a colchicine product that is manufactured in material disregard of industry standard good manufacturing practices and pharmacopaeial requirements." These factual allegations are far

from "immaterial and impertinent," as Mutual complains. In a case where Mutual is seeking to enjoin all of its competitors from selling colchicine in an attempt to monopolize the colchicine market and charge outrageously high prices, West-Ward is certainly entitled to present the defense that such injunctive relief would be severely detrimental to the public. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 381 (2008) ("the balance of equities and consideration of the public interest . . . are pertinent in assessing the propriety of any injunctive relief, preliminary or permanent"); *Internet Specialties West, Inc. v. Milon-DiGiorgio Enter., Inc.*, 559 F. 3d 985 (9th Cir. 2009) ("A plaintiff seeking an injunction must establish that the injunction is in the public interest").

To be clear, the Eighteenth Affirmative Defense is not "redundant" or duplicative of the affirmative defense of "unclean hands." Mutual's attempt to couch it as such is nothing more than a ploy to prevent discovery into Mutual's substandard manufacturing process. The doctrine of unclean hands rests on the premise that a party should not be permitted to complain about conduct of which it has also participated. *TrafficSchool.com, Inc. v. EDriver, Inc.*, 2008 WL 4000805, at *15 (C.D. Cal. Jun. 4, 2008) ("unclean hands bars relief in Lanham Act cases when the plaintiff has engaged in precisely the same type of conduct about which it complains"). Mutual's mere sales and distribution of unapproved colchicine tablets, the conduct of which it now complains, is sufficient to support the unclean hands defense.

To the contrary, the Eighteenth Affirmative Defense is premised on the idea that an injunction should not lie where the public interest would be adversely affected by such relief. Facts regarding the quality of Mutual's colchicine tablets, its manufacturing process, and Mutual's attempt to monopolize the colchicine market are certainly relevant to this defense. As such, there is no reason for this Court to strike West-Ward's Eighteenth Affirmative Defense.

### D. West-Ward Requests Leave to Amend its Counterclaim if the Court Determines that Any Portion Thereof is Inadequate.

While the above authorities show that Mutual's Motion to Dismiss should be denied outright, at a minimum West-Ward should be granted leave to amend pursuant to FED. R. CIV. P. 15. "The court should freely give leave when justice so requires." *Id.* "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Breier v. Northern Cal. Bowling Proprietors Ass'n*, 316 F.2d 787, 789-90 (9th Cir. 1963).

### III. CONCLUSION

For the foregoing reasons, Mutual's Motion to Dismiss should be denied in its entirety.

Dated: October 19, 2009      ARNALL GOLDEN GREGORY LLP

By: /s/ Clark G. Sullivan
    Clark G. Sullivan (*Pro Hac Vice*)
    Jared M. Lina (*Pro Hac Vice*)

Attorneys for Defendant
WEST-WARD PHARMACEUTICAL CORP.