# PODVEYMEANOR
### CATENACCI HILDNER COCOZIELLO & CHATTMAN

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
THE LEGAL CENTER
ONE RIVERFRONT PLAZA SUITE 800
NEWARK, NEW JERSEY 07102-5497
(973) 623-1000 FACSIMILE: (973) 623-9131
www.podvey.com

NEW YORK OFFICE
400 PARK AVENUE SUITE 1420
NEW YORK, NEW YORK 10022
(212) 432-7419
PLEASE REPLY TO NEW JERSEY OFFICE

ROBERT L. PODVEY
HENRY J. CATENACCI
THOMAS V. HILDNER
J. BARRY COCOZIELLO
H. RICHARD CHATTMAN♦
SAUL ZIMMERMAN♦
MARIANNE C. TOLOMEO
SHELDON M. FINKELSTEIN▲
DOUGLAS E. MOTZENBECKER♦
GREGORY D. MILLER♦
ROSARIA A. SURIANO
LISA J. TREMBLY▲
THOMAS G. ALJIAN, JR.♦
ROBERT J. MCGUIRE
ROBERT K. SCHEINBAUM♦
MICHAEL F. BEVACQUA♦
COLIN B. SCOTT
LAINIE MILLER♦
ANTHONY M. RAINONE♦
DAMIAN P. CONFORTI♦
JORGE R. SALVA♦
LINO J. SCIARRETTA♦
AARON H. GOULD♦

OF COUNSEL
MARK K. LIPTON

H. CURTIS MEANOR (2008)

♦MEMBER OF NJ & NY BARS
▲MEMBER OF NJ & PA BARS

July 26, 2010

**_Via ECF and Lawyer's Service_**

Re:   Mutual Pharmaceutical Company v. Watson Pharmaceuticals, Inc., et al.
      Consolidated Civil Action No.: 09-5421(GEB)(TJB)
      Our File No. 4041/11349

Honorable Garrett E. Brown, Jr., U.S.D.J.
United States District Court
4050 Clarkson S. Fisher Bldg. and Courthouse
402 East State Street
Trenton, NJ 08608

Dear Chief Judge Brown:

This firm, together with Cooley LLP, represents Plaintiffs Mutual Pharmaceutical Company, Inc., AR Scientific, Inc., and AR Holding Company, Inc. (collectively, "Plaintiffs") in the above captioned matter. We write to Your Honor seeking dismissal without prejudice of West-Ward Pharmaceutical Corporation's ("West-Ward") summary judgment motion due to its failure to first obtain permission to file such motion, as required by the Court's local rules.

On July 23, Defendant West-Ward filed a motion for summary judgment [D.E. 265], but before doing so in contravention of the Court's local rules, did not seek permission to file it. Specifically, Magistrate Judge Bongiovanni's local preferences provide: "No formal motions may be filed without leave of Court. If a party wishes to file a formal motion, the basis for the motion must first be set forth in a letter to the Court." The purpose of this local rule is, _inter alia_, to enable the Court to control its docket, including the prevention of premature motions. During the parties' recent telephonic conference before Magistrate Judge Bongiovanni on July 14, West-Ward did not mention that it intended on filing a motion for summary judgment, even after having been specifically asked by the Court whether there were any additional issues that needed to be addressed. If West-Ward had given any indication that it intended on

Honorable Garrett E. Brown, Jr., U.S.D.J.
July 26, 2010
Page 2

filing a motion for summary judgment, we would have objected that it was premature, since we are in the middle of fact discovery. Having reviewed West-Ward's improperly filed motion, our prematurity concerns are well-founded given that material facts clearly are in dispute and requiring Plaintiffs to respond now to the motion before the factual record is complete would result in a waste of judicial and litigant resources. Furthermore, West-Ward has reserved its "right to file an additional summary judgment motion following the conclusion of discovery" (*see* West-Ward's Memorandum of Law in Support of Motion for Summary Judgment, D.E. 265-2, p 2 - 3, fn. 3), which will unnecessarily compound the burden on the Court and the parties.

Based on the foregoing, Plaintiffs respectfully request that West-Ward's motion for summary judgment be dismissed without prejudice, and that West-Ward only be permitted to file its motion after having consulted with Magistrate Judge Bongiovanni and obtained permission to file it.

Respectfully submitted,

Gregory D. Miller

GDM:das
Enclosures
cc:     All Counsel of Record *(via ECF)*
*282435*