

**Lowenstein Sandler**
ATTORNEYS AT LAW

**Michael Dore**
Member
Tel 973 597 2344
Fax 973 597 2345
mdore1@lowenstein.com

July 26, 2010

**VIA ELECTRONIC FILING**

Hon. Garrett E. Brown, Jr., Chief Judge
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street - Room 2020
Trenton, New Jersey 08608

> Re:   Mutual Pharmaceutical Company, Inc. v. Watson Pharmaceuticals, Inc., et al.,
>       Docket No. 3:09-cv-05421 (GEB) (TJB)
>       Letter in Response to Document 270

Dear Chief Judge Brown:

This firm, together with Arnall Golden Gregory LLP, represents Defendant West-Ward Pharmaceutical Corp. ("West-Ward") in the above-captioned lawsuit. We write in response to a letter submitted earlier this afternoon by the Plaintiffs in this action.

In their letter, Plaintiffs charge West-Ward with improperly filing its Motion for Summary Judgment (which is based exclusively on the argument that Plaintiffs' unclean hands bar their claims) in violation of the Court's local rules. Plaintiffs do not cite to a specific local rule. Instead, they reference Magistrate Judge Bongiovanni's local preferences with respect to motions filed before her.

The summary judgment motion filed by West-Ward is not a discovery motion to be filed before Judge Bongiovanni and is not subject to her chamber's procedures. Rather, that motion was filed before Your Honor and West-Ward believes that it is subject to Your Honor's chamber's procedures - which indicate that "Judge Brown requires that the procedures of L. Civ. R. 7.1 be followed for all motions and does not utilize special procedures for dispositive motions."

Finally, and most importantly, once a party identifies a determinative issue of law on which there exists no material issue of fact, it is that party's duty to both its client and the Court to assert a Rule 56 motion at the earliest possible time. Contrary to Plaintiffs' assertion, West-Ward's motion is based on admitted or indisputable facts about the Plaintiffs' own conduct for which no further discovery is necessary. West-Ward's objective in filing its single-issue motion at this stage was to save the Court and the parties from months of contentious litigation and the substantial expenses associated therewith. West-Ward's filing is consistent with Fed. R. Civ. P. 1, which requires that the rules "should be construed and administered to secure the just, speedy,

Hon. Garrett E. Brown, Jr., Chief Judge
Page 2

July 26, 2010

and inexpensive determination of every action and proceeding" and with Your Honor's chamber's procedures which indicate that "resolution of disputes is best achieved when issues are identified and addressed early in the litigation."

As explained in its motion papers, West-Ward respectfully submits that its summary judgment motion on the basis of Plaintiffs' unclean hands is ripe for resolution. As such, West-Ward respectfully requests that the Court agree to consider its Motion for Summary Judgment at this time.

Respectfully submitted,

*s/Michael Dore*

Michael Dore

MD:cas

cc: All Counsel of Record (via electronic filing)

22537/5
07/26/10 14842682.2

