H. Richard Chattman
Gregory D. Miller
Damian P. Conforti
Podvey Meanor Catenacci Hildner
Cocoziello & Chattman, P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey  07102

Attorneys for Plaintiffs
Mutual Pharmaceutical Company, Inc.,
AR Scientific, Inc., and AR Holding Company, Inc.

**[Counsel continued below]**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MUTUAL PHARMACEUTICAL COMPANY, INC., et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>WATSON PHARMACEUTICALS, INC., et al.,<br><br>            Defendants. | Civil Action No. 09-5421(GEB)(TJB)<br><br>**AFFIDAVIT OF BRENDAN MAGRAB IN SUPPORT OF PLAINTIFFS' REQUEST FOR A CONTINUANCE TO CONDUCT FURTHER DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(F)** |

Cooley LLP
Michael G. Rhodes *(Pro Hac Vice)*
John S. Kyle *(Pro Hac Vice)*
Nathaniel Cooper *(Pro Hac Vice)*
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone:  (858)550-6000
Facsimile:   (858) 550-6420

Cooley LLP
Peter J. Willsey *(Pro Hac Vice)*
Nishan Kottahachchi *(Pro Hac Vice)*
Brendan J. Hughes *(Pro Hac Vice)*
777 6th Street N.W., Suite 1100
Washington, DC  20001-3703
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899

Attorneys for Plaintiffs
Mutual Pharmaceutical Company, Inc.,
AR Scientific, Inc., and AR Holding Company, Inc.

118632 v4/DC

1

AFFIDAVIT OF BRENDAN MAGRAB IN SUPPORT OF REQUEST FOR CONTINUANCE TO CONDUCT FURTHER DISCOVERY PURSUANT TO FED. R. CIV. P. 56(F)

I, Brendan Magrab, state as follows:

1. I am the Executive Vice President of Commercial Operations and General Counsel for Mutual Pharmaceutical Company, Inc. ("Mutual"), a pharmaceutical company headquartered in Philadelphia, Pennsylvania.

2. I am of the age of majority and competent to give the testimony contained herein. The testimony herein is based upon my own personal knowledge.

3. Defendant West-Ward Pharmaceutical Corp. ("West-Ward") has filed a Motion for Summary Judgment (the "Motion") asserting the defense of unclean hands.

4. Mutual has requested a dismissal of West-Ward's Motion because discovery is ongoing and, therefore, the Motion is premature. West-Ward has not completed its document production; document production from the third party Price Lists and Wholesalers is ongoing; expert reports have not been exchanged; and no party, expert, or third party deposition has taken place. In the alternative, Mutual has requested a continuance of this Court's ruling on West-Ward's Motion in order to allow Mutual to obtain affidavits, take depositions, and take any other discovery necessary to present facts that are essential to oppose West-Ward's Motion.

5. West-Ward's Motion includes a Statement of Undisputed Material Facts, which contain a number of allegedly material facts that Mutual can neither confirm nor deny without further discovery from West-Ward and also the third party Price Lists and Wholesalers. In order to oppose West-Ward's Motion, Mutual needs further discovery on the following facts:

(a) West-Ward's colchicine market share, including the total number of colchicine tablets it has sold since 1972;

(b) The circumstances surrounding the FDA's inspection of the plant

2

AFFIDAVIT OF BRENDAN MAGRAB IN SUPPORT OF
REQUEST FOR CONTINUANCE TO CONDUCT FURTHER
DISCOVERY PURSUANT TO FED. R. CIV. P. 56(F)

where West-Ward manufactures colchicine, including (i) dates of inspection, (ii) reason for inspection, (iii) results of inspection, and (iv) aftermath of inspection, including any warnings, findings, or reports;

    (c)    Whether the FDA has ever warned West-Ward about the manufacture and distribution of its unapproved colchicine products, or communicated with West-Ward about ceasing the manufacturing, marketing, or distribution of its unapproved colchicine tablets;

    (d)    The manner in which West-Ward markets, advertises, and promotes its unapproved colchicine products, including the type of statements made in its product catalogs, and whether West-Ward represents that its products are FDA-approved;

    (e)    The information about West-Ward's colchicine products that appeared on the Price Lists and Wholesaler Ordering Systems after Mutual obtained FDA-approval for its COLCRYS product (*i.e.*, after July 29, 2009), including any Therapeutic Equivalency Ratings;

    (f)    The type of information West-Ward provided to Prices Lists and Wholesalers about its unapproved colchicine products;

    (g)    How Therapeutic Equivalency Ratings of unapproved colchicine products listed on the Price Lists and Wholesaler Ordering Systems are determined, including whether the "N/A" or "N/R" ratings are provided to the Price Lists and Wholesalers by West-Ward;

    (h)    The meaning of the "N/A" or "N/R" Therapeutic Equivalency Ratings, and whether those ratings denote FDA-approval;

    (i)    Whether the Price Lists and Wholesaler Ordering Systems list West-Ward's unapproved colchicine as being approved by the FDA;

    (j)    Whether Mutual's unapproved colchicine tablets were listed on the Price Lists and Wholesaler Ordering Systems until 2009;

(k) Whether the Price Lists and Wholesalers received instructions from Mutual to cease distribution of all unapproved colchicine products in July of 2006;

(l) The date that Mutual's unapproved colchicine products were taken off the Price Lists and Wholesaler Ordering Systems, including but not limited to the Price Lists operated by Red Book and Medi-Span, and the Wholesaler Ordering System operated by McKesson Corporation;

(m) The steps taken by West-Ward, if any, to ensure that its unapproved colchicine product is not confused as being FDA-approved, or confused with Mutual's FDA-approved COLCRYS® product; and

(n) The type of safety and prescribing information West-Ward provides to the Price Lists and Wholesaler Ordering Systems about its unapproved colchicine products.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Philadelphia, Pennsylvania on August 23, 2010.

_____
Brendan Magrab