# EXHIBIT C

1  COOLEY GODWARD KRONISH LLP
   MICHAEL G. RHODES (CALIFORNIA BAR NO. 116127)
2  (RHODESMG@COOLEY.COM)
   JOHN S. KYLE (CALIFORNIA BAR NO. 199196)
3  (JKYLE@COOLEY.COM)
   4401 Eastgate Mall
4  San Diego, CA 92121-1909
   Telephone:  (858) 550-6000
5  Facsimile:  (858) 550-6420

6  [Counsel continued on next page]

7  Attorneys for Plaintiffs
   MUTUAL PHARMACEUTICAL COMPANY, INC., AR
8  SCIENTIFIC, INC., and AR HOLDING COMPANY, INC.

9                  UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12  MUTUAL PHARMACEUTICAL              Case No. CV 09-05700 PA (RZx)
    COMPANY, INC., et al.,             *Related to*: CV 09-05761 PA (RZx)
13                                     Honorable Percy Anderson
                   Plaintiffs,
14
          v.
15                                     **PLAINTIFF MUTUAL**
    WATSON PHARMACEUTICALS,            **PHARMACEUTICAL**
16  INC., et al.,                      **COMPANY, INC.'S FIRST SET**
                                       **OF REQUESTS FOR**
17                 Defendants.         **PRODUCTION OF DOCUMENTS**
                                       **AND THINGS TO DEFENDANT**
18  ─────────────────────────         **WEST-WARD**
                                       **PHARMACEUTICAL CORP.**
19  WEST-WARD PHARMACEUTICAL
    CORP., a Delaware corporation,
20
                   Counterclaimant,
21
          v.
22
    MUTUAL PHARMACEUTICAL
23  COMPANY, INC., a Pennsylvania
    corporation; AR SCIENTIFIC, INC., a
24  Delaware corporation; and AR
    HOLDING COMPANY, INC., a
25  Delaware corporation,

26                 Counterdefendants.

27

28

PETER J. WILLSEY (*PRO HAC VICE*)
(PWILLSEY@COOLEY.COM)
NISHAN KOTTAHACHCHI (CALIFORNIA BAR NO. 221612)
(NKOTTAHACHCHI@COOLEY.COM)
BRENDAN J. HUGHES (*PRO HAC VICE*)
(BHUGHES@COOLEY.COM)
777 6th Street N.W., Suite 1100
Washington, DC 20001-3703
Telephone:   (202) 842-7800
Facsimile:   (202) 842-7899

VALLE & ASSOCIATES
JEFFREY B. VALLE (CALIFORNIA BAR NO. 110060)
(JVALLE@VALLEASSOCIATES.COM)
THOMAS P. FRIEDMAN (CALIFORNIA BAR NO. 205407)
(TFRIEDMAN@VALLEASSOCIATES.COM)
11911 San Vicente Blvd., Suite 324
Los Angeles, CA 90049
Telephone: (310) 476-0300
Facsimile: (310) 476-0333

2.

101647 v1/DC

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 34, Plaintiff Mutual Pharmaceutical Company, Inc. hereby requests that Defendant West-Ward Pharmaceutical Corp. respond to this First Set of Requests for Production of Documents and Things (the "Requests") within the time prescribed by the Federal Rules of Civil Procedure, and produce responsive documents and materials for inspection and copying within thirty days from the date of service hereof, at the offices of Cooley Godward Kronish LLP, 777 6th Street NW, Suite 1100, Washington, DC 20001, in accordance with the Instructions and Definitions set forth hereinafter.

## INSTRUCTIONS

1.     Mutual incorporates by reference as fully set forth herein Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.   The Requests seek the production of documents and things to the full extent permitted by the Federal Rules of Civil Procedure and the Local Rules.

2.     If, in responding to these Requests, the responding party encounters any ambiguities when construing a request, instruction, or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3.     Whenever, in these Requests, the responding party is asked to identify or produce a document which is deemed by the responding party to be properly withheld from production for inspection or copying:

(a)     If the responding party is withholding the document under claim of privilege (including, but not limited to, the attorney-client privilege and/or the work product doctrine), please provide the information set forth in Federal Rule of Civil Procedure 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where

3.

1  appropriate, the author, addressee, custodian, and any other recipient of the
2  document, and where not apparent, the relationship of the author, addressee,
3  custodian, and any other recipient to each other, in a manner that, without
4  revealing the information claimed to be protected, will enable Mutual to
5  assess the applicability of the privilege or protection claimed by the
6  responding party;

7       (b)   If the responding party is withholding the document for any
8  reason other than an objection that it is beyond the scope of discovery or that
9  a request is unduly burdensome, identify each document and, in addition to
10  the information requested above, please state the reason for withholding the
11  document.

12      **4.**   When a document contains both privileged and non-privileged
13  material, the non-privileged material must be disclosed to the fullest extent possible
14  without disclosing the privileged material.  If a privilege is asserted with regard to
15  part of the material contained in a document, the party claiming the privilege must
16  clearly indicate the portions as to which the privilege is claimed.

17      **5.**   If production of any requested document is objected to on the grounds
18  that production is unduly burdensome, describe the burden or expense of the
19  proposed discovery.

20      **6.**   These Requests are continuing in nature so as to require the responding
21  party to serve promptly supplementary responses and produce additional documents
22  it obtains including new or different responsive material up to and including the
23  time of the trial of this action.

24      **7.**   The responding party must produce all non-privileged responsive
25  documents in its possession, custody, or control.  A document is in the responding
26  party's "possession, custody, or control" if it is in the responding party's physical
27  possession, or if the responding party has the ability, upon request, to obtain
28  possession of the document or a copy thereof from another person who has physical

4.

MUTUAL'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS TO WEST-WARD

1   possession of the document or a copy thereof.

2       **8.**   If any responsive document no longer exists, cannot be located, or is
3   not in the responding party's possession, custody, or control, identify it, describe its
4   subject matter, describe its disposition, and identify all persons with knowledge of
5   the disposition.

6       **9.**   Electronically stored information ("ESI") should be produced in
7   accordance with a Production Protocol to be agreed to by the parties as generally
8   discussed during their Rule 26(f) conference.  Unless otherwise stipulated and
9   agreed to in the Production Protocol or ordered by the court, each document or
10  tangible thing produced in response hereto shall be produced as it is kept in the
11  usual course of business, including all file folders, binders, notebooks, and other
12  devices by which such documents may be organized or separated, or it shall be
13  organized and labeled to correspond with the Requests to which it is responsive.
14  Unless otherwise stipulated and agreed to in the Production Protocol or ordered by
15  the Court, each document or tangible thing produced in response hereto shall be
16  produced in a form in which it is ordinarily maintained or in a reasonably usable
17  form.  Mutual reserves its right to request that certain documents or things be
18  produced in native or other format upon review of the production.  If there are no
19  documents or things responsive to a particular request, please indicate the same in
20  writing.

21      **10.**   The present tense includes the past and future tenses. The singular
22  includes the plural, and the plural includes the singular. "All" means "any and all."
23  "Any" means "any and all." "Including" means "including but not limited to."
24  "And" and "or" encompass both "and" and "or."   Words in the masculine,
25  feminine, or neuter form shall include each of the other genders.

26  ## DEFINITIONS

27      Notwithstanding any definition below, each word, term, or phrase used in
28  these Requests is intended to have the broadest meaning permitted under the

5.

Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. *Action:* The term "Action" means the lawsuit filed in the United States District Court for the Central District of California entitled *Mutual Pharmaceutical Company, Inc., et al. v. Watson Pharmaceuticals, Inc., et al.,* Civil Action No. CV 09-05700 PA (RZx).

2. *Colchicine Products:* The term "colchicine products" means any product containing colchicine as the single active pharmaceutical ingredient.

3. *Your Colchicine Products:* The term "your colchicine products" means any colchicine products manufactured, marketed, advertised, promoted, sold, or distributed by you.

4. *Communication:* The term "communication" is used in its broadest sense, and means any transmission of fact, information, advice, statement, or opinion from one person or entity to another, by every manner or means of disclosure or transfer or exchange of information, including oral, electronic or written transmissions.

5. *Concerning:* The term "concerning" means constituting, relating to, reflecting, regarding, memorializing, identifying, embodying, referring to, pertaining to, commenting on, discussing, analyzing, considering, describing, containing, consisting of, indicating, evidencing, supporting, refuting, or connected to.

6. *Defendants:* The term "Defendants" means Watson Pharmaceuticals, Inc., West-Ward Pharmaceutical Corp., Vision Pharma, LLC, and Excellium Pharmaceutical, Inc. and, where applicable, their officers, directors, employees, divisions, subsidiaries, predecessors, successors-in-interest, agents, representatives, attorneys, investigators, and consultants.

7. *Document:* The term "document" means any written, printed, typed, recorded, magnetic, digitized, punched, copied, graphic or other tangible thing in,

6.

through, or from which information may be embodied, translated, conveyed, or stored including, without limitation, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, electronic mail, electronic attachments, dictation tapes, audio tapes, video tapes, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, sketches, and all writings as defined in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001, as well as electronically stored information, including but not limited to computer files, computer discs, computer print-outs, data stored on hard drives or servers, data stored on removable magnetic or optical media (e.g., magnetic tape, floppy discs and recordable optical disks), data used for electronic data interchange, audit trails, digitized audio and voicemail, and the term also includes each original and non-duplicate copy of each such thing and any reasonably available drafts prepared in connection with any such thing, whether used or not.

8.   *FDA*:   The term "FDA" means the United States Food and Drug Administration.

9.   *Mutual*: The term "Mutual" means Mutual Pharmaceutical Company, Inc.

10.   *Person*:   The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

11.   *Plaintiffs*:   The term "Plaintiffs" means Mutual Pharmaceutical Company, Inc., AR Scientific, Inc., and AR Holding, Inc.

12.   *Price List*:   The term "Price List" is defined as any integrated drug dispensing database or pricing service providing pricing or clinical information, whether or not in electronic form, including but not limited to Medi-Span, First Databank, Gold Standard, and Redbook.

13.   *Product Insert*:   The term "product insert" is defined as any material, marked or inscribed, for attachment or inclusion with a product and/or its packaging to indicate, designate or describe its manufacturer, brand, nature, ownership,

7.

1    destination, use, instructions, ingredients, classification, category, qualifications,

2    regulatory information, or any other information pertinent to the product at issue.

3       14.   *Wholesaler Ordering System*: The term "Wholesaler Ordering System"

4    means any drug product ordering system provided by drug wholesalers, whether or

5    not in electronic form, including but not limited to McKesson Corporation,

6    Cardinal Health, Inc., AmerisourceBergen Corporation, Anda, Inc. and Kinray, Inc.

7       15.   *You or Your:* The terms "you" or "your" means West-Ward

8    Pharmaceutical Corp. and, where applicable, its officers, directors, employees,

9    divisions, subsidiaries, predecessors, successors-in-interest, agents, representatives,

10   attorneys, investigators, and consultants.

11

12            **REQUESTS FOR PRODUCTION**

13       **Request No. 1:**   All documents concerning labels for your colchicine

14   products, including all drafts and representative samples thereof.

15       **Request No. 2:**   All documents concerning labels for colchicine products,

16   other than yours, including all drafts and representative samples thereof.

17       **Request No. 3:**   All documents concerning product inserts for your

18   colchicine products, including all drafts and representative samples thereof.

19       **Request No. 4:**   All documents concerning product inserts for colchicine

20   products, other than yours, including all drafts and representative samples thereof.

21       **Request No. 5:**   All documents concerning the packaging of your

22   colchicine products, including all drafts and representative samples thereof.

23       **Request No. 6:**   All documents concerning the packaging of colchicine

24   products, other than yours, including all drafts and representative samples thereof.

25       **Request No. 7:**   All documents concerning advertising, marketing,

26   promotion, sale, or distribution of your colchicine products.

27       **Request No. 8:**   All documents concerning the advertising, marketing,

28   promotion, sale, or distribution of colchicine products, other than yours.

8.

**Request No. 9:**   All documents concerning the use of Price Lists to advertise, market, promote, sell, or distribute your colchicine products, including but not limited to documents provided to Price Lists regarding the pricing, insurance, size, dosage, warnings, precautions, contraindications, adverse reactions and claims adjudication information.

**Request No. 10:**   All documents concerning the use of Price Lists to advertise, market, promote, sell, or distribute colchicine products, other than yours, including but not limited to pricing, insurance, size, dosage, warnings, precautions, contraindications, adverse reactions and claims adjudication information.

**Request No. 11:**   All documents concerning communications between you and Price Lists regarding your colchicine products.

**Request No. 12:**   All documents concerning the use of Wholesaler Ordering Systems to advertise, market, promote, sell, or distribute your colchicine products, including but not limited to documents provided to Wholesaler Ordering Systems regarding pricing, insurance, size, dosage, warnings, precautions, contraindications, adverse reactions and claims adjudication information.

**Request No. 13:**   All documents concerning the use of Wholesaler Ordering Systems to advertise, market, promote, sell, or distribute colchicine products, other than yours, including but not limited to documents provided to Wholesaler Ordering Systems regarding pricing, insurance, size, dosage, warnings, precautions, contraindications, adverse reactions and claims adjudication information.

**Request No. 14:**   All documents concerning communications between you and Wholesaler Ordering Systems regarding your colchicine products.

**Request No. 15:**   All documents concerning similarities, differences, or comparisons between your colchicine products and Plaintiffs' COLCRYS colchicine product.

**Request No. 16:**   All documents concerning FDA-approval of your colchicine products.

9.

1  **Request No. 17:**   All   documents   concerning   FDA-approval   of   any

2  colchicine products.

3  **Request No. 18:**   All documents concerning communications between you

4  and the FDA regarding your colchicine products.

5  **Request No. 19:**   All documents concerning your costs associated with

6  obtaining FDA-approval of your colchicine products.

7  **Request No. 20:**   All documents concerning your revenues, profits, and

8  costs associated with the sale of your colchicine products since July 2009.

9  **Request No. 21:**   All documents concerning costs you have incurred in

10  connection with the manufacturing, advertising, marketing, promotion, sale, or

11  distribution of your colchicine products since July 2009.

12  **Request No. 22:**   All documents concerning the amount of your colchicine

13  products you purchased, produced, or maintained in your inventory since July 2009.

14  **Request No. 23:**   All documents concerning your ability to meet market

15  demand for colchicine products in the United States.

16  **Request No. 24:**   All   documents   concerning   your   market   share   of

17  colchicine products sold in the United States.

18  **Request No. 25:**   All documents concerning the market share of colchicine

19  products sold by any manufacturers or distributors, other than you, in the United

20  States.

21  **Request No. 26:**   All documents that any expert you expect to call at trial

22  has reviewed, considered, or relied upon in connection with the Action.

23  **Request No. 27:**   All   documents   concerning   your   corporate   structure,

24  including but not limited to, a list of all officers and directors.

25  **Request No. 28:**   All insurance agreements related to your defense of the

26  Action.

27  **Request No. 29:**   All documents concerning any joint defense agreements

28  between you and any of the Defendants in this Action.

MUTUAL'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS TO WEST-WARD

1    **Request No. 30:**  All documents concerning your efforts to investigate and

2    cease the acts of false advertising and unfair competition alleged in the complaint in

3    this Action.

4    **Request No. 31:**  All documents concerning communications between you

5    and any of the Defendants concerning this Action.

6    **Request No. 32:**  All documents concerning communications between you

7    and any of the Defendants concerning colchicine products.

8    **Request No. 33:**  All documents concerning the amount of unfinished

9    colchicine (i.e. colchicine active pharmaceutical ingredient) maintained in your

10    inventory since July 30, 2009.

11    **Request No. 34:**  All documents concerning your communications with

12    suppliers, sellers, or distributors of unfinished colchicine (i.e. colchicine active

13    pharmaceutical ingredient).

14    **Request No. 35:**  All documents concerning your purchase, or efforts to

15    purchase, unfinished colchicine (i.e. colchicine active pharmaceutical ingredient).

16    **Request No. 36:**  All documents concerning your communications with any

17    retail drugstores, including chains and independents, concerning your colchicine

18    products.

19    **Request No. 37:**  All documents concerning your sales of, or efforts to sell,

20    your colchicine products to any retail drug stores, including chains and

21    independents.

22    **Request No. 38:**  All documents concerning your efforts to secure

23    reimbursement for your colchicine products by any government insurance program,

24    including but not limited to Medicaid and Medicare.

25    **Request No. 39:**  All documents that you referred to in responding to

26    Mutual's First Set of Interrogatories to you.

27    **Request No. 40:**  All documents identified by you in your responses to

28    Mutual's First Set of Interrogatories to you.

MUTUAL'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS TO WEST-WARD

1

2    Dated:  October 16, 2009          COOLEY GODWARD KRONISH LLP

3

4                                     MICHAEL G. RHODES (CA BAR NO. 116127)
                                      PETER J. WILLSEY (*Pro Hac Vice*)
5                                     JOHN S. KYLE (CA BAR NO. 199196)
                                      NISHAN KOTTAHACHCHI (CA BAR NO.
6                                     221612)
                                      BRENDAN J. HUGHES (*Pro Hac Vice*)
7
                                      Attorneys for Plaintiff Mutual Pharmaceutical
8                                     Company, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2009, a true and correct copy of the foregoing MUTUAL'S FIRST SET OF INTERROGATORIES, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT WEST-WARD PHARMACEUTICAL CORP. has been served by hand delivery, addressed to:

**Clark G Sullivan**
Arnall Golden Gregory LLP
171 Seventeenth Street NW Suite 2100
Atlanta , GA 30363

_Vicki Vaughan_
Vicki Vaughan

1   COOLEY GODWARD KRONISH LLP
    MICHAEL G. RHODES (CALIFORNIA BAR NO. 116127)
2   (RHODESMG@COOLEY.COM)
    JOHN S. KYLE (CALIFORNIA BAR NO. 199196)
3   (JKYLE@COOLEY.COM)
    4401 Eastgate Mall
4   San Diego, CA 92121-1909
    Telephone:  (858) 550-6000
5   Facsimile:  (858) 550-6420

6   **[Counsel continued on next page]**

7   Attorneys for Plaintiffs
    MUTUAL PHARMACEUTICAL COMPANY, INC., AR
8   SCIENTIFIC, INC., and AR HOLDING COMPANY, INC.

9                    UNITED STATES DISTRICT COURT

10             FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12   MUTUAL PHARMACEUTICAL              Case No. CV 09-05700 PA (RZx)
     COMPANY, INC., et al.,
13                                      Honorable Percy Anderson
                  Plaintiffs,
14                                      **PLAINTIFF MUTUAL
          v.                            PHARMACEUTICAL
15                                      COMPANY, INC.'S FIRST SET
     WATSON PHARMACEUTICALS,            OF INTERROGATORIES TO
16   INC., et al.,                      DEFENDANT WEST-WARD
                                        PHARMACEUTICAL CORP.**
17                Defendants.

18   ─────────────────────────────

19   WEST-WARD PHARMACEUTICAL
     CORP., a Delaware corporation,
20
                  Counterclaimant,
21
          v.
22
     MUTUAL PHARMACEUTICAL
23   COMPANY, INC., a Pennsylvania
     corporation; AR SCIENTIFIC, INC., a
24   Delaware corporation; and AR
     HOLDING COMPANY, INC., a
25   Delaware corporation,

26                Counterdefendants.

27

28

PETER J. WILLSEY (*PRO HAC VICE*)
(PWILLSEY@COOLEY.COM)
NISHAN KOTTAHACHCHI (CALIFORNIA BAR NO. 221612)
(NKOTTAHACHCHI@COOLEY.COM)
BRENDAN J. HUGHES (*PRO HAC VICE*)
(BHUGHES@COOLEY.COM)
777 6th Street N.W., Suite 1100
Washington, DC 20001-3703
Telephone:   (202) 842-7800
Facsimile:    (202) 842-7899

VALLE & ASSOCIATES
JEFFREY B. VALLE (CALIFORNIA BAR NO. 110060)
(JVALLE@VALLEASSOCIATES.COM)
THOMAS P. FRIEDMAN (CALIFORNIA BAR NO. 205407)
(TFRIEDMAN@VALLEASSOCIATES.COM)
11911 San Vicente Blvd., Suite 324
Los Angeles, CA 90049
Telephone: (310) 476-0300
Facsimile: (310) 476-0333

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101634 v1/DC

2

MUTUAL'S FIRST SET OF
INTERROGATORIES TO WEST-WARD

1       Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule

2   33, Plaintiff Mutual Pharmaceutical Company, Inc. hereby requests that Defendant

3   West-Ward Pharmaceutical Corp. respond to these Interrogatories within the time

4   prescribed by the Federal Rules of Civil Procedure in accordance with the

5   Instructions and Definitions set forth hereinafter.

6                         **INSTRUCTIONS**

7       1.    Mutual incorporates by reference as fully set forth herein Rules 26 and

8   33 of the Federal Rules of Civil Procedure and the Local Rules of the United States

9   District Court for the Central District of California.

10       2.    These instructions and definitions should be construed to require

11   answers based upon the knowledge of, and information available to, the responding

12   party as well as its agents, employees, representatives, and unless privileged,

13   attorneys.

14       3.    These interrogatories are continuing in nature, so as to require that

15   supplemental answers be provided if and when further or different information is

16   obtained with respect to any interrogatory.

17       4.    No part of an interrogatory should be left unanswered merely because

18   an objection is interposed to another part of the interrogatory.  If a partial or

19   incomplete answer is provided, the responding party shall state that the answer is

20   partial or incomplete.

21       5.    It is intended that these interrogatories will not solicit any material

22   protected either by the attorney-client privilege or by the work product doctrine.

23       6.    In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege

24   is asserted in objecting to any interrogatory or part thereof, and information is not

25   provided on the basis of such assertion:

26             A.    In asserting the privilege, the responding party shall, in the

27                   objection to the interrogatory, or part thereof, identify with

28                   specificity the nature of the privilege (including attorney-client

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101634 v1/DC

3

MUTUAL'S FIRST SET OF
INTERROGATORIES TO WEST-WARD

privilege and/or work product) that is being claimed;

B.    The following information should be provided in the objection, if known or reasonably available:

(1)    For oral communications:

    a.    the name of the person making the communication and the names of persons present while the communication was made, and where not apparent, the relationship of the persons present to the person making the communication;

    b.    the date and place of the communication; and

    c.    the general subject matter of the communication.

(2)    For documents:

    a.    the type of document;

    b.    the general subject matter of the document;

    c.    the date of the document; and

    d.    such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

7.    If the responding party elects to specify and produce business records in response to any interrogatory pursuant to Federal Rule of Civil Procedure 33(d), the specification shall be in sufficient detail to permit the requesting party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

8.    If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101634 v1/DC

4

MUTUAL'S FIRST SET OF
INTERROGATORIES TO WEST-WARD

1   responding party's answer shall set forth the matter deemed ambiguous and the

2   construction used in answering.

3        9.    The present tense includes the past and future tenses. The singular

4   includes the plural, and the plural includes the singular. "All" means "any and all."

5   "Any" means "any and all." "Including" means "including but not limited to."

6   "And" and "or" encompass both "and" and "or."   Words in the masculine,

7   feminine, or neuter form shall include each of the other genders.

8                        **DEFINITIONS**

9        Notwithstanding any definition below, each word, term, or phrase used in

10   these Interrogatories is intended to have the broadest meaning permitted under the

11   Federal Rules of Civil Procedure. As used in these Interrogatories, the following

12   terms are to be interpreted in accordance with these definitions:

13        1.    *Action:* The term "Action" means the lawsuit filed in the United States

14   District Court for the Central District of California entitled *Mutual Pharmaceutical*

15   *Company, Inc., et al. v. Watson Pharmaceuticals, Inc., et al.,* Civil Action No. CV

16   09-05700 PA (RZx).

17        2.    *Colchicine Products:*   The term "colchicine products" means any

18   product containing colchicine as the single active pharmaceutical ingredient.

19        3.    *Your Colchicine Products:*    The term "your colchicine products"

20   means any colchicine products manufactured, marketed, advertised, promoted, sold,

21   or distributed by you.

22        4.    *Communication:* The term "communication" is used in its broadest

23   sense, and means any transmission of fact, information, advice, statement, or

24   opinion from one person or entity to another, by every manner or means of

25   disclosure or transfer or exchange of information, including oral, electronic or

26   written transmissions.

27        5.    *Defendants:* The term "Defendants" means Watson Pharmaceuticals,

28   Inc., West-Ward Pharmaceutical Corp., Vision Pharma, LLC, and Excellium

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101634 v1/DC                5

MUTUAL'S FIRST SET OF
INTERROGATORIES TO WEST-WARD

1   Pharmaceutical, Inc. and, where applicable, their officers, directors, employees,

2   divisions, subsidiaries, predecessors, successors-in-interest, agents, representatives,

3   attorneys, investigators, and consultants.

4         6.   *Document:* The term "document" means any written, printed, typed,

5   recorded, magnetic, digitized, punched, copied, graphic or other tangible thing in,

6   through, or from which information may be embodied, translated, conveyed, or

7   stored including, without limitation, correspondence, memoranda, notes, records,

8   books, papers, telegrams, telexes, electronic mail, electronic attachments, dictation

9   tapes, audio tapes, video tapes, microfilm, microfiche, worksheets, diaries,

10  calendars, photographs, charts, drawings, sketches, and all writings as defined in

11  Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001, as well

12  as electronically stored information, including but not limited to computer files,

13  computer discs, computer print-outs, data stored on hard drives or servers, data

14  stored on removable magnetic or optical media (e.g., magnetic tape, floppy discs

15  and recordable optical disks), data used for electronic data interchange, audit trails,

16  digitized audio and voicemail, and the term also includes each original and non-

17  duplicate copy of each such thing and any reasonably available drafts prepared in

18  connection with any such thing, whether used or not.

19        7.   *FDA:* The term "FDA" means the United States Food and Drug

20  Administration.

21        8.   *Identify (with respect to a person):* When referring to a person, to

22  "identify" means to state the person's full name, present or last known address, and

23  when referring to a natural person, occupational title and the present or last known

24  place of employment. If the business and home telephone numbers are known to

25  the answering party, and if the person is not a party or present employee of a party,

26  said telephone numbers shall be provided. Once a person has been identified in

27  accordance with this subparagraph, only the name of the person need be listed in

28  response to subsequent discovery requesting the identification of that person.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101634 v1/DC

6

MUTUAL'S FIRST SET OF
INTERROGATORIES TO WEST-WARD

9.   *Mutual*:  The term "Mutual" means Mutual Pharmaceutical Company, Inc.

10.   *Person*:  The term "person" means any natural person or any business, legal, or governmental entity or association.

11.   *Plaintiffs*:   The term "Plaintiffs" means Mutual Pharmaceutical Company, Inc., AR Scientific, Inc., and AR Holding, Inc.

12.   *Price List*:   The term "Price List" means any integrated drug dispensing database or pricing service providing pricing or clinical information, whether or not in electronic form, including but not limited to Medi-Span, First Databank, Gold Standard, and Redbook.

13.   *Regarding*: The term "regarding" shall mean constituting, relating to, reflecting, memorializing, identifying, embodying, referring to, pertaining to, commenting on, discussing, analyzing, considering, describing, concerning, containing, consisting of, indicating, evidencing, supporting, refuting, or connected to.

14.   *Wholesaler Ordering System*:   The term "Wholesaler Ordering System" means any drug product ordering system provided by drug wholesalers, whether or not in electronic form, including but not limited to McKesson Corporation, Cardinal Health, Inc., AmerisourceBergen Corporation, Anda, Inc. and Kinray, Inc.

15.   *You or Your*: The terms "you" or "your" means West-Ward Pharmaceutical Corp. and, where applicable, its officers, directors, employees, divisions, subsidiaries, predecessors, successors-in-interest, agents, representatives, attorneys, investigators, and consultants.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101634 v1/DC

7

MUTUAL'S FIRST SET OF
INTERROGATORIES TO WEST-WARD

## INTERROGATORIES

**Interrogatory No. 1:**     Identify the persons most knowledgeable about the manufacturing, marketing, sale, and distribution of your colchicine products.

**Interrogatory No. 2:**     Identify the persons most knowledgeable about the revenue, costs, and profits associated with your colchicine products.

**Interrogatory No. 3:**     Identify the persons most knowledgeable about the steps taken to list your colchicine products on Price Lists.

**Interrogatory No. 4:**     Identify the persons most knowledgeable about the steps taken to list your colchicine products on Wholesaler Ordering Systems.

**Interrogatory No. 5:**     State the dollar value (in U.S. dollars) of the revenues generated by sales of your colchicine products in the U.S. on a monthly basis from July 30, 2009 until the present.

**Interrogatory No. 6:**     State the dollar value (in U.S. dollars) of the profits generated by sales of your colchicine products in the U.S. on a monthly basis from July 30, 2009 until the present.

**Interrogatory No. 7:**     Identify each person who has had communications with the FDA regarding your colchicine products.

**Interrogatory No. 8:**     Identify and describe any instances known by you of consumer confusion regarding the FDA-approval status of your colchicine products.

**Interrogatory No. 9:**     Identify and describe any instances known by you of consumer confusion regarding whether your colchicine products can be substituted for Plaintiffs' COLCRYS colchicine product.

**Interrogatory No. 10:**     Describe in detail any and all efforts made by you to obtain FDA-approval for your colchicine products.

**Interrogatory No. 11:**     Describe in detail all means by which you market, advertise, sell, and distribute your colchicine products.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101634 v1/DC

8

MUTUAL'S FIRST SET OF
INTERROGATORIES TO WEST-WARD

1     <u>Interrogatory No. 12:</u>    State the amount of colchicine products in your

2 possession, custody, or control (in terms of bottles and tablets).

3     <u>Interrogatory No. 13:</u>    State the amount of unfinished colchicine (i.e.

4 colchicine active pharmaceutical ingredient) in your possession, custody, or control.

5     <u>Interrogatory No. 14:</u>    Identify each person who provided information

6 used in your responses to these interrogatories.

7

8                                     Respectfully submitted,

9

10 Dated: October 16, 2009         COOLEY GODWARD KRONISH LLP

11

12                               MICHAEL G. RHODES (CALIFORNIA BAR
NO. 116127)

13                               PETER J. WILLSEY (*Pro Hac Vice*)

14                               JOHN S. KYLE (CALIFORNIA BAR NO.
199196)

15                               NISHAN KOTTAHACHCHI (CALIFORNIA
BAR NO. 221612)

16                               BRENDAN J. HUGHES (*Pro Hac Vice*)

17                               Attorneys for Plaintiffs

18                               MUTUAL PHARMACEUTICAL COMPANY,
INC., AR SCIENTIFIC, INC., and AR HOLDING

19                               COMPANY, INC.

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.
    101634 v1/DC                             9                             MUTUAL'S FIRST SET OF
INTERROGATORIES TO WEST-WARD

1   COOLEY GODWARD KRONISH LLP
    MICHAEL G. RHODES (CALIFORNIA BAR NO. 116127)
2   (RHODESMG@COOLEY.COM)
    JOHN S. KYLE (CALIFORNIA BAR NO. 199196)
3   (JKYLE@COOLEY.COM)
    4401 Eastgate Mall
4   San Diego, CA 92121-1909
    Telephone:  (858) 550-6000
5   Facsimile:   (858) 550-6420

6   **[Counsel continued on next page]**

7   Attorneys for Plaintiffs
    MUTUAL PHARMACEUTICAL COMPANY, INC., AR
8   SCIENTIFIC, INC., and AR HOLDING COMPANY, INC.

9                  UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12  MUTUAL PHARMACEUTICAL            Case No. CV 09-05700 PA (RZx)
    COMPANY, INC., et al.,           *Related to*: CV 09-05761 PA (RZx)
13                                   Honorable Percy Anderson
                Plaintiffs,
14                                   **PLAINTIFF MUTUAL**
        v.                           **PHARMACEUTICAL**
15                                   **COMPANY, INC.'S FIRST SET**
    WATSON PHARMACEUTICALS,          **OF REQUESTS FOR ADMISSION**
16  INC., et al.,                    **TO DEFENDANT WEST-WARD**
                                     **PHARMACEUTICAL CORP.**
17              Defendants.

18  ─────────────────────────

19  WEST-WARD PHARMACEUTICAL
    CORP., a Delaware corporation,
20
                Counterclaimant,
21
        v.
22
    MUTUAL PHARMACEUTICAL
23  COMPANY, INC., a Pennsylvania
    corporation; AR SCIENTIFIC, INC., a
24  Delaware corporation; and AR
    HOLDING COMPANY, INC., a
25  Delaware corporation,

26              Counterdefendants.

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.
101652 v1/DC                    1                    MUTUAL'S FIRST SET OF REQUESTS
                                                     FOR ADMISSION TO WEST-WARD

PETER J. WILLSEY (*PRO HAC VICE*)
(PWILLSEY@COOLEY.COM)
NISHAN KOTTAHACHCHI (CALIFORNIA BAR NO. 221612)
(NKOTTAHACHCHI@COOLEY.COM)
BRENDAN J. HUGHES (*PRO HAC VICE*)
(BHUGHES@COOLEY.COM)
777 6th Street N.W., Suite 1100
Washington, DC  20001-3703
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899

VALLE & ASSOCIATES
JEFFREY B. VALLE (CALIFORNIA BAR NO. 110060)
(JVALLE@VALLEASSOCIATES.COM)
THOMAS P. FRIEDMAN (CALIFORNIA BAR NO. 205407)
(TFRIEDMAN@VALLEASSOCIATES.COM)
11911 San Vicente Blvd., Suite 324
Los Angeles, CA 90049
Telephone: (310) 476-0300
Facsimile: (310) 476-0333

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101652 v1/DC

2

MUTUAL'S FIRST SET OF REQUESTS
FOR ADMISSION TO WEST-WARD

1    Pursuant to Rule 36 of the Federal Rules of Civil Procedure and Local Rule
2    36, Plaintiff Mutual Pharmaceutical Company, Inc. hereby requests that Defendant
3    West-Ward Pharmaceutical Corp. respond separately and fully to the following
4    Requests for Admission ("Requests") in writing and under oath within the time
5    allowed by the Federal Rules of Civil Procedure, and in accordance with the
6    Instructions and Definitions set forth below.

## INSTRUCTIONS

7

8    1.    Mutual incorporates by reference as fully set forth herein Rules 26 and
9    36 of the Federal Rules of Civil Procedure and the Local Rules of the United States
10    District Court for the Central District of California.

11    2.    Mutual requests that Defendant admit or deny the truth of each
12    statement or opinion of fact, application of law to fact, or opinions about either, set
13    forth in the Requests below.

14    3.    To the extent that Defendant does not respond with either an
15    unqualified admission or an objection (the reasons for which must be stated),
16    Defendant shall specifically deny the matter and set forth in detail the reasons why
17    Defendant cannot truthfully admit the matter. Any such denial shall fairly meet the
18    substance of the Request, and when good faith requires that Defendant qualify an
19    answer or deny only a part of the matter in which any admission is requested,
20    Defendant shall specify so much of it as is true and qualify or deny the remainder.

21    4.    Defendant may not give lack of information or knowledge as the
22    reason for failure to admit or deny unless Defendant states that Defendant has made
23    reasonable inquiry and that the information known or readily obtainable by
24    Defendant is insufficient to enable Defendant to admit or deny.

25    5.    The fact that a Request covers a matter which Defendant believes
26    presents a genuine issue for trial may not, on that ground alone, provide the basis
27    for an objection.

28    6.    Any Request set forth below to which there has not been an adequate

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101652 v1/DC

3

MUTUAL'S FIRST SET OF REQUESTS
FOR ADMISSION TO WEST-WARD

1  and timely response may be deemed admitted and, therefore, conclusively

2  established for purposes of this Action.

3      7.    The Requests are continuing in nature and require Defendant to

4  supplement its responses thereto if, prior to trial, Defendant should obtain any

5  additional or supplemental information pertaining to any matter encompassed by

6  the Request.

7      8.    The present tense includes the past and future tenses. The singular

8  includes the plural, and the plural includes the singular. "All" means "any and all."

9  "Any" means "any and all." "Including" means "including but not limited to."

10  "And" and "or" encompass both "and" and "or." Words in the masculine, feminine

11  or neuter form shall include each of the other genders.

12                    **DEFINITIONS**

13      Notwithstanding any definition below, each word, term, or phrase used in

14  these Requests is intended to have the broadest meaning permitted under the

15  Federal Rules of Civil Procedure. As used in these Requests, the following terms

16  are to be interpreted in accordance with these definitions:

17      1.    *Action:* The term "Action" means the lawsuit filed in the United States

18  District Court for the Central District of California entitled *Mutual Pharmaceutical*

19  *Company, Inc., et al. v. Watson Pharmaceuticals, Inc., et al.,* Civil Action No. CV

20  09-05700 PA (RZx).

21      2.    *Colchicine Products:*   The term "colchicine products" means any

22  product containing colchicine as the single active pharmaceutical ingredient.

23      3.    *Your Colchicine Products:*    The term "your colchicine products"

24  means any colchicine products manufactured, marketed, advertised, promoted, sold,

25  or distributed by you.

26      4.    *Communication*: The term "communication" is used in its broadest

27  sense, and means any transmission of fact, information, advice, statement, or

28  opinion from one person or entity to another, by every manner or means of

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101652 v1/DC                    4                    MUTUAL'S FIRST SET OF REQUESTS
                                                     FOR ADMISSION TO WEST-WARD

1   disclosure or transfer or exchange of information, including oral, electronic or
2   written transmissions.

3       5.   *Defendants*: The term "Defendants" means Watson Pharmaceuticals,
4   Inc., West-Ward Pharmaceutical Corp., Vision Pharma, LLC, and Excellium
5   Pharmaceutical, Inc. and, where applicable, their officers, directors, employees,
6   divisions, subsidiaries, predecessors, successors-in-interest, agents, representatives,
7   attorneys, investigators, and consultants.

8       6.   *Document:* The term "document" means any written, printed, typed,
9   recorded, magnetic, digitized, punched, copied, graphic or other tangible thing in,
10  through, or from which information may be embodied, translated, conveyed, or
11  stored including, without limitation, correspondence, memoranda, notes, records,
12  books, papers, telegrams, telexes, electronic mail, electronic attachments, dictation
13  tapes, audio tapes, video tapes, microfilm, microfiche, worksheets, diaries,
14  calendars, photographs, charts, drawings, sketches, and all writings as defined in
15  Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001, as well
16  as electronically stored information, including but not limited to computer files,
17  computer discs, computer print-outs, data stored on hard drives or servers, data
18  stored on removable magnetic or optical media (e.g., magnetic tape, floppy discs
19  and recordable optical disks), data used for electronic data interchange, audit trails,
20  digitized audio and voicemail, and the term also includes each original and non-
21  duplicate copy of each such thing and any reasonably available drafts prepared in
22  connection with any such thing, whether used or not.

23      7.   *FDA*: The term "FDA" means the United States Food and Drug
24  Administration.

25      8.   *Mutual:* The term "Mutual" means Mutual Pharmaceutical Company,
26  Inc.

27      9.   *Person*: The term "person" means any natural person or any business,
28  legal, or governmental entity or association.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101652 v1/DC                                5               MUTUAL'S FIRST SET OF REQUESTS
                                                            FOR ADMISSION TO WEST-WARD

10.   *Plaintiffs:*   The term "Plaintiffs" means Mutual Pharmaceutical Company, Inc., AR Scientific, Inc., and AR Holding, Inc.

11.   *Price List:*   The term "Price List" means any integrated drug dispensing database or pricing service providing pricing or clinical information, whether or not in electronic form, including but not limited to Medi-Span, First Databank, Gold Standard, and Redbook.

12.   *Regarding:* The term "regarding" shall mean and refer to comprising, embodying, containing, reflecting, memorializing, evidencing, identifying, constituting, setting forth, mentioning, discussing, describing, analyzing, reporting on, commenting on, stating, considering, dealing with, pertaining to, referring to, relating to, or concerning.

13.   *Wholesaler Ordering System:*   The term "Wholesaler Ordering System" means any drug product ordering system provided by drug wholesalers, whether or not in electronic form, including but not limited to McKesson Corporation, Cardinal Health, Inc., AmerisourceBergen Corporation, Anda, Inc. and Kinray, Inc.

14.   *You or Your:* The terms "you" or "your" means West-Ward Pharmaceutical Corp. and, where applicable, its officers, directors, employees, divisions, subsidiaries, predecessors, successors-in-interest, agents, representatives, attorneys, investigators, and consultants.

## REQUESTS FOR ADMISSION

<u>Request No. 1:</u>   Admit that you are aware of the FDA's approval of Mutual's New Drug Applications Nos. 22-351 and 22-352.

<u>Request No. 2:</u>   Admit that you have not removed your colchicine products from Price Lists since becoming aware of the FDA's approval of New Drug Applications Nos. 22-351 and 22-352.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101652 v1/DC

6

MUTUAL'S FIRST SET OF REQUESTS
FOR ADMISSION TO WEST-WARD

1        <u>Request No. 3:</u>   Admit that you have not removed your colchicine

2 products from Wholesaler Ordering Systems since becoming aware of the FDA's

3 approval of New Drug Applications Nos. 22-351 and 22-352.

4        <u>Request No. 4:</u>   Admit that you continued to sell your colchicine products

5 after July 30, 2009.

6        <u>Request No. 5:</u>   Admit that you continued to distribute your colchicine

7 products after July 30, 2009.

8        <u>Request No. 6:</u>   Admit that you have not removed your colchicine

9 products from Price Lists.

10       <u>Request No. 7:</u>   Admit that you have not removed your colchicine

11 products from Wholesaler Ordering Systems.

12       <u>Request No. 8:</u>   Admit that you intentionally listed your colchicine

13 products on Price Lists.

14       <u>Request No. 9:</u>   Admit that you intentionally listed your colchicine

15 products on Wholesaler Ordering Systems.

16       <u>Request No. 10:</u>   Admit that you received revenue from colchicine products

17 sold after July 30, 2009.

18       <u>Request No. 11:</u>   Admit that you made a profit from colchicine products

19 sold after July 30, 2009.

20       <u>Request No. 12:</u>   Admit that you have the ability to have your colchicine

21 products removed from Price Lists.

22       <u>Request No. 13:</u>   Admit that you have the ability to have your colchicine

23 products removed from Wholesaler Ordering Systems.

24       <u>Request No. 14:</u>   Admit that you did not stop the sale of your colchicine

25 products after July 30, 2009.

26       <u>Request No. 15:</u>   Admit that you did not stop the distribution of your

27 colchicine products after July 30, 2009.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101652 v1/DC

7

MUTUAL'S FIRST SET OF REQUESTS
FOR ADMISSION TO WEST-WARD

1    Request No. 16:   Admit that your colchicine products have not been

2    approved by the FDA.

3    Request No. 17:   Admit that the product insert for your colchicine products

4    does not contain all the health and safety information included in the product insert

5    for Plaintiffs' COLCRYS colchicine product.

6    Request No. 18:   Admit that the product insert for your colchicine products

7    does not contain all the health and safety information required by the FDA for

8    single active ingredient colchicine products.

9                                      Respectfully submitted,

10

11   Dated:  October 19, 2009         COOLEY GODWARD KRONISH LLP

12

13                                    MICHAEL G. RHODES (CALIFORNIA BAR
                                      NO. 116127)
14                                    PETER J. WILLSEY (*Pro Hac Vice*)
                                      JOHN S. KYLE (CALIFORNIA BAR NO.
15                                    199196)
                                      NISHAN KOTTAHACHCHI (CALIFORNIA
16                                    BAR NO. 221612)
                                      BRENDAN J. HUGHES (*Pro Hac Vice*)
17
                                      Attorneys for Plaintiffs
18
                                      MUTUAL PHARMACEUTICAL COMPANY,
19                                    INC., AR SCIENTIFIC, INC., and AR HOLDING
                                      COMPANY, INC.
20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

101652 v1/DC

8

MUTUAL'S FIRST SET OF REQUESTS
FOR ADMISSION TO WEST-WARD

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2009, a true and correct copy of the foregoing

MUTUAL'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT WEST-WARD

PHARMACEUTICAL CORP. has been served by hand delivery, addressed to:

> **Clark G Sullivan**
> Arnall Golden Gregory LLP
> 171 Seventeenth Street NW Suite 2100
> Atlanta , GA 30363

_Vicki Vaughen_
Vicki Vaughen

H. Richard Chattman
Gregory D. Miller
Damian P. Conforti
Podvey Meanor Catenacci Hildner
Cocoziello & Chattman, P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102

Cooley Godward Kronish LLP
Michael G. Rhodes *(Pro Hac Vice)*
John S. Kyle *(Pro Hac Vice)*
Nathaniel Cooper *(Pro Hac Vice)*
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone:   (858)550-6000
Facsimile:   (858) 550-6420

Cooley Godward Kronish LLP
Peter J. Willsey *(Pro Hac Vice)*
Nishan Kottahachchi *(Pro Hac Vice)*
Brendan J. Hughes *(Pro Hac Vice)*
777 6th Street N.W., Suite 1100
Washington, DC 20001-3703
Telephone:   (202) 842-7800
Facsimile:   (202) 842-7899

Attorneys for Plaintiffs
Mutual Pharmaceutical Company, Inc.,
AR Scientific, Inc., and
AR Holding Company, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUTUAL PHARMACEUTICAL COMPANY, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> WATSON PHARMACEUTICALS, INC., et al., <br><br> Defendants. <br><hr> WEST-WARD PHARMACEUTICAL CORP., <br><br> Counterclaimant, <br><br> v. <br><br> MUTUAL PHARMACEUTICAL COMPANY, INC., et al., <br><br> Counterdefendants. | Civil Action No.  09-5421(GEB)(TJB) <br><br><br> **PLAINTIFF MUTUAL PHARMACEUTICAL COMPANY, INC.'S SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANT WEST-WARD PHARMACEUTICAL CORP.** |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

111569 v1/DC

1

MUTUAL'S SECOND SET OF REQUESTS
FOR ADMISSION TO WEST-WARD

VISION PHARMA, LLC,

                  Counterclaimant,

      v.

MUTUAL PHARMACEUTICAL COMPANY,
INC., et al.,

                  Counterdefendants.

        Pursuant to Rule 36 of the Federal Rules of Civil Procedure and Local Rule 36.1, Plaintiff Mutual Pharmaceutical Company, Inc. hereby requests that Defendant West-Ward Pharmaceutical Corp. respond separately and fully to the following Requests for Admission ("Requests") in writing and under oath within the time allowed by the Federal Rules of Civil Procedure, and in accordance with the Instructions and Definitions set forth below.

## INSTRUCTIONS

        1.    Mutual incorporates by reference as fully set forth herein Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Jersey.

        2.    Mutual requests that Defendant admit or deny the truth of each statement or opinion of fact, application of law to fact, or opinions about either, set forth in the Requests below.

        3.    To the extent that Defendant does not respond with either an unqualified admission or an objection (the reasons for which must be stated), Defendant shall specifically deny the matter and set forth in detail the reasons why Defendant cannot truthfully admit the matter. Any such denial shall fairly meet the substance of the Request, and when good faith requires that Defendant qualify an answer or deny only a part of the matter in which any admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder.

        4.    Defendant may not give lack of information or knowledge as the reason for failure to admit or deny unless Defendant states that Defendant has made reasonable inquiry and that the

2

information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny.

5.      The fact that a Request covers a matter which Defendant believes presents a genuine issue for trial may not, on that ground alone, provide the basis for an objection.

6.      Any Request set forth below to which there has not been an adequate and timely response may be deemed admitted and, therefore, conclusively established for purposes of this Action.

7.      The Requests are continuing in nature and require Defendant to supplement its responses thereto if, prior to trial, Defendant should obtain any additional or supplemental information pertaining to any matter encompassed by the Request.

8.      The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.  "All" means "any and all."  "Any" means "any and all."  "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neuter form shall include each of the other genders.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.      *Action:* The term "Action" means the lawsuit pending in the United States District Court for the District of New Jersey entitled *Mutual Pharmaceutical Company, Inc., et al. v. Watson Pharmaceuticals, Inc., et al.*, Civil Action No. 09-5421(GEB)(TJB).

2.      *Colchicine Products:*   The term "colchicine products" means any product containing colchicine as the single active pharmaceutical ingredient.

3.      *Your Colchicine Products:*   The term "your colchicine products" means any colchicine products manufactured, marketed, advertised, promoted, sold, or distributed by you.

4.      *Communication:* The term "communication" is used in its broadest sense, and

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

3                      MUTUAL'S SECOND SET OF REQUESTS
FOR ADMISSION TO WEST-WARD

means any transmission of fact, information, advice, statement, or opinion from one person or entity to another, by every manner or means of disclosure or transfer or exchange of information, including oral, electronic or written transmissions.

5.   *Defendants*:  The term "Defendants" means Watson Pharmaceuticals, Inc., West-Ward Pharmaceutical Corp., Vision Pharma, LLC, and Excellium Pharmaceutical, Inc. and, where applicable, their officers, directors, employees, divisions, subsidiaries, predecessors, successors-in-interest, agents, representatives, attorneys, investigators, and consultants.

6.   *Document*:  The term "document" means any written, printed, typed, recorded, magnetic, digitized, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored including, without limitation, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, electronic mail, electronic attachments, dictation tapes, audio tapes, video tapes, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, sketches, and all writings as defined in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001, as well as electronically stored information, including but not limited to computer files, computer discs, computer print-outs, data stored on hard drives or servers, data stored on removable magnetic or optical media (e.g., magnetic tape, floppy discs and recordable optical disks), data used for electronic data interchange, audit trails, digitized audio and voicemail, and the term also includes each original and non-duplicate copy of each such thing and any reasonably available drafts prepared in connection with any such thing, whether used or not.

7.   *FDA*:  The term "FDA" means the United States Food and Drug Administration.

8.   *Mutual*:  The term "Mutual" means Mutual Pharmaceutical Company, Inc.

9.   *Person*:  The term "person" means any natural person or any business, legal, or governmental entity or association.

10.   *Plaintiffs*:  The term "Plaintiffs" means Mutual Pharmaceutical Company, Inc., AR Scientific, Inc., and AR Holding, Inc.

11.   *Price List*:  The term "Price List" means any integrated drug dispensing database or pricing service providing pricing or clinical information, whether or not in electronic form,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

4

MUTUAL'S SECOND SET OF REQUESTS
FOR ADMISSION TO WEST-WARD

including but not limited to Medi-Span, First Databank, Gold Standard, and Redbook.

12.    *Regarding*: The term "regarding" shall mean and refer to comprising, embodying, containing, reflecting, memorializing, evidencing, identifying, constituting, setting forth, mentioning, discussing, describing, analyzing, reporting on, commenting on, stating, considering, dealing with, pertaining to, referring to, relating to, or concerning.

13.    *Wholesaler Ordering System*: The term "Wholesaler Ordering System" means any drug product ordering system provided by drug wholesalers, whether or not in electronic form, including but not limited to McKesson Corporation, Cardinal Health, Inc., AmerisourceBergen Corporation, Anda, Inc., and Kinray, Inc.

14.    *You or Your*: The terms "you" or "your" means West-Ward Pharmaceutical Corp. and, where applicable, its officers, directors, employees, divisions, subsidiaries, predecessors, successors-in-interest, agents, representatives, attorneys, investigators, and consultants.

## REQUESTS FOR ADMISSION

Request No. 19:      Admit that the letter attached as Exhibit A to this Request is a true and accurate copy of the January 14, 2010 warning letter from the FDA to Sunrise Pharmaceutical, Inc. (hereinafter "Sunrise").

Request No. 20:      Admit that the letter attached as Exhibit A to this Request is publicly available on the FDA website at:

http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/ucm197966.htm.

Request No. 21:      Admit that in the January 14, 2010 FDA warning letter to Sunrise (attached as Exhibit A), the FDA stated that 0.6 mg colchicine tablets are new drugs within the meaning of Section 201 of the Food, Drug, and Cosmetic Act (hereinafter "FDCA").

Request No. 22:      Admit that in the January 14, 2010 FDA warning letter to Sunrise (attached as Exhibit A), the FDA stated a new drug may not be introduced into or delivered for introduction into interstate commerce unless an application for the new drug has been approved by the FDA.

Request No. 23:      Admit that you do not own an FDA approved new drug application for the 0.6 colchicine tablets manufactured by you.

Request No. 24:      Admit that the 0.6 colchicine tablets manufactured by you violate Section 301 (a) and (d) of the FDCA.

Request No. 25:      Admit that the 0.6 colchicine tablets manufactured by you are illegal.

Dated: April 20, 2010            COOLEY GODWARD KRONISH LLP

_____

Michael G. Rhodes(*Pro Hac Vice*)
Peter J. Willsey (*Pro Hac Vice*)
John S. Kyle (*Pro Hac Vice*)
Nishan Kottahachchi (*Pro Hac Vice*)

Attorneys for Plaintiffs
Mutual Pharmaceutical Company, Inc.,
AR Scientific, Inc., and AR Holding Company, Inc.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

6                    MUTUAL'S SECOND SET OF REQUESTS
FOR ADMISSION TO WEST-WARD

# EXHIBIT D

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of California

| | | |
|---|---|---|
| Mutual Pharmaceutical Company, Inc., et. al., | ) | |
| *Plaintiff* | ) | Civil Action No.  09-5421 (GEB)(TJB) |
| v. | ) | |
| Watson Pharmaceuticals, Inc., et. al., | ) | (If the action is pending in another district, state where:) |
| *Defendant* | ) | District Court of New Jersey            ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  McKesson Corporation, One Post Street, San Francisco, CA 94104 (SERVE:  Registered Agent,
The Prentice-Hall Corporation System, Inc., 2730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833)

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A for Document Requests

| Place: Cooley Godward Kronish LLP<br>101 California Street, 5th Floor<br>San Francisco, CA 94111 | Date and Time:<br><br>01/23/2010 9:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    12/23/2009

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                                        Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Mutual Pharmaceutical Company, Inc. _____ , who issues or requests this subpoena, are:
Peter J. Willsey, Esq., Nishan Kottahachchi, Esq.
Cooley Godward Kronish LLP, 777 6th Street, NW, Washington DC, 20001 (Tele: 202.842.7800)
(E-mail: pwillsey@cooley.com; nkottahachchi@cooley.com)

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  09-5421 (GEB)(TJB)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

This subpoena for (name of individual and title, if any)   McKesson Corporation
was received by me on (date)   12-23-09  .

☑ I served the subpoena by delivering a copy to the named person as follows:   By serving Becky
DeGeorge, Clerk, authorized to accept. Service was completed at 2730 Gateway
Oaks Drive, Suite 100, Sacramento,          on (date)   12-23-09      ; or
                    California 95833
☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$  n/a

My fees are $                 for travel and $                 for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date:  12-23-09

_____
Server's signature

Jeff King 2006-60, Registered Process Server
Printed name and title

**Capitol Process Services, Inc.**
1827 18th Street, N.W.
Washington, D.C. 20009
(202) 667-0050
Server's address

Additional information regarding attempted service, etc:
* with Exhibit A

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A TO MCKESSON CORPORATION SUBPOENA**

**DOCUMENT REQUESTS**

**<u>DEFINITIONS</u>**

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.     *Action*: The term "Action" means the lawsuit pending in the United States District Court for the District of New Jersey entitled *Mutual Pharmaceutical Company, Inc., et al. v. Watson Pharmaceuticals, Inc., et al.*, Civil Action No. 09-5421(GEB)(TJB).

2.     *Colchicine Products*:   The term "colchicine products" means any product containing colchicine as the single active pharmaceutical ingredient.

3.     *Defendants' Colchicine Products:*   The term "Defendants' colchicine products" means any colchicine products manufactured, marketed, advertised, promoted, sold, or distributed by any of the Defendants.

4.     *Communication*:     The term "communication" is used in its broadest sense, and means any transmission of fact, information, advice, statement, or opinion from one person or entity to another, by every manner or means of disclosure or transfer or exchange of information, including oral, electronic or written transmissions.

5.     *Concerning*:  The term "concerning" means constituting, relating to, reflecting, regarding, memorializing, identifying, embodying, referring to, pertaining to, commenting on, discussing, analyzing, considering, describing, containing, consisting of, indicating, evidencing, supporting, refuting, or connected to.

6.     *Defendants*: The term "Defendants" means Watson Pharmaceuticals, Inc., West-Ward Pharmaceutical Corp., Vision Pharma, LLC, and Excellium Pharmaceutical, Inc. and, where applicable, their officers, directors, employees, divisions, subsidiaries, predecessors, successors-in-interest, agents, representatives, attorneys, investigators, and consultants.

103987 v1/DC

7.     *Document*:  The term "document" means any written, printed, typed, recorded, magnetic, digitized, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored including, without limitation, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, electronic mail, electronic attachments, dictation tapes, audio tapes, video tapes, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, sketches, and all writings as defined in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001, as well as electronically stored information, including but not limited to computer files, computer discs, computer print-outs, data stored on hard drives or servers, data stored on removable magnetic or optical media (e.g., magnetic tape, floppy discs and recordable optical disks), data used for electronic data interchange, audit trails, digitized audio and voicemail, and the term also includes each original and non-duplicate copy of each such thing and any reasonably available drafts prepared in connection with any such thing, whether used or not.

8.     *FDA*:  The term "FDA" means the United States Food and Drug Administration.

9.     *Mutual*:  The term "Mutual" means Mutual Pharmaceutical Company, Inc.

10.     *Person*:  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

11.     *Plaintiffs*:  The term "Plaintiffs" means Mutual Pharmaceutical Company, Inc., AR Scientific, Inc., and AR Holding, Inc.

12.     *Wholesaler Ordering System*:  The term "Wholesaler Ordering System" means any drug product ordering system, whether or not in electronic form, provided by drug wholesalers, including but not limited to McKesson Corporation, Cardinal Health, Inc., AmerisourceBergen Corporation, Anda, Inc. and Kinray, Inc.

13.     *Product Insert*:  The term "product insert" is defined as any material, marked or inscribed, for attachment or inclusion with a product and/or its packaging to indicate, designate or describe its manufacturer, brand, nature, ownership, destination, use, instructions, ingredients, classification, category, qualifications, regulatory information, or any other information pertinent

to the product at issue.

14.   *You or Your:* The terms "you" or "your" means McKesson Corporation and, where applicable, its officers, directors, employees, divisions, subsidiaries, predecessors, successors-in-interest, agents, representatives, attorneys, investigators, and consultants.

## DOCUMENT REQUESTS

1.    All communications between you and Defendants concerning any colchicine products, including but not limited to communications regarding the inclusion or removal of Defendants' colchicine products in or from your Wholesaler Ordering System.

2.    All documents concerning the inclusion or removal of Defendants' colchicine products in or from your Wholesaler Ordering System.

3.    All documents reflecting the process or procedure you undertake to include a drug or other product in your Wholesaler Ordering System.

4.    All documents reflecting the process or procedure you undertake to remove a drug or other product from your Wholesaler Ordering System.

5.    All documents concerning instances where you removed a drug or other product from your Wholesaler Ordering System.

6.    All documents concerning Defendants' colchicine products and/or Plaintiffs' COLCRYS colchicine product.

7.    All communications between you and your customers or other third parties, including but not limited to pharmacists or pharmaceutical buyers, concerning any colchicine products.

8.    All communications between you and the FDA concerning colchicine products, including Defendants' colchicine products and Plaintiffs' COLCRYS colchicine product.

9.    All documents reflecting your policies, procedures, or practices concerning the inclusion of drugs that are not FDA-approved in your Wholesaler Ordering System.

10.   All communications between you and your customers or other third parties,

103987 v1/DC

including but not limited to pharmacists or pharmaceutical buyers, concerning whether drugs listed in your Wholesaler Ordering System are FDA-approved.

11.    All documents provided by Defendants to you concerning Defendants' colchicine products, including but not limited to pricing, insurance, size, dosage, warnings, precautions, contraindications, adverse reactions and claims adjudication information.

12.    All documents concerning similarities, differences, or comparisons between Defendants' colchicine products and Plaintiffs' COLCRYS colchicine product.

13.    All documents concerning the amount of Defendants' colchicine products you maintained in your inventory since July 2009.

14.    Documents sufficient to show the sales, revenues and profits associated with purchases of Defendants' colchicine products via your Wholesaler Ordering System since July of 2009.

Dated:  December 23, 2009

_____
Nishan Kottahachchi

COOLEY GODWARD KRONISH LLP
Peter J. Willsey (Pro Hac Vice)
Nishan Kottahachchi (Pro Hac Vice)
Brendan J. Hughes (Pro Hac Vice)
777 6th Street N.W., Suite 1100
Washington, DC  20001-3703
Telephone:     (202) 842-7800
Facsimile:      (202) 842-7899

COOLEY GODWARD KRONISH LLP
Michael G. Rhodes (Pro Hac Vice)
John S. Kyle (Pro Hac Vice)
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone:     (858) 550-6000
Facsimile:      (858) 550-6420

PODVEY MEANOR CATENACCI HILDNER
COCOZIELLO & CHATTMAN
Gregory D. Miller
The Legal Center
One Riverfront Plaza
Newark, New Jersey  07102

Attorneys for Plaintiffs
MUTUAL PHARMACEUTICAL COMPANY,
INC., AR SCIENTIFIC, INC., and AR HOLDING
COMPANY, INC.

103987 v1/DC