# PODVEYMEANOR
## CATENACCI HILDNER COCOZIELLO & CHATTMAN

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
THE LEGAL CENTER
ONE RIVERFRONT PLAZA SUITE 800
NEWARK, NEW JERSEY 07102-5497
(973) 623-1000 FACSIMILE: (973) 623-9131
www.podvey.com

NEW YORK OFFICE
400 PARK AVENUE SUITE 1420
NEW YORK, NEW YORK 10022
(212) 432-7419
PLEASE REPLY TO NEW JERSEY OFFICE

ROBERT L. PODVEY
HENRY J. CATENACCI
THOMAS V. HILDNER
J. BARRY COCOZIELLO
H. RICHARD CHATTMAN♦
SAUL ZIMMERMAN♦
MARIANNE C. TOLOMEO
SHELDON M. FINKELSTEIN▲
DOUGLAS E. MOTZENBECKER♦
GREGORY D. MILLER♦
ROSARIA A. SURIANO
LISA J. TREMBLY▲
THOMAS G. ALJIAN, JR.♦
ROBERT J. MCGUIRE
ROBERT K. SCHEINBAUM♦
MICHAEL F. BEVACQUA♦
LAINIE MILLER♦
ANTHONY M. RAINONE♦
DAMIAN P. CONFORTI♦
LINO J. SCIARRETTA♦
VIVEK SINGH♦
AARON H. GOULD♦

OF COUNSEL
MARK K. LIPTON

H. CURTIS MEANOR (2008)

♦MEMBER OF NJ & NY BARS
▲MEMBER OF NJ & PA BARS

September 2, 2010

### *VIA ECF AND OVERNIGHT MAIL*

Re:   Mutual Pharmaceutical Company v. Watson Pharmaceuticals, Inc., et al.
      Consolidated Civil Action No.: 09-5421(GEB)(TJB)
      Our File No. 4041/11349

Honorable Garrett E. Brown, Jr.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Dear Chief Judge Brown:

This firm, together with Cooley LLP, represents Plaintiffs Mutual Pharmaceutical Company, Inc. ("Mutual"), AR Scientific, Inc., and AR Holding Company, Inc. (collectively, "Plaintiffs") in the above-captioned matter. We write in response to the August 31, 2010 letter of Defendant Excellium Pharmaceutical Inc. ("Excellium"), by which Excellium seeks to belatedly join the motion for summary judgment filed by Defendant West-Ward Pharmaceutical Corp. ("West-Ward"). For the reasons discussed below, Excellium's request should be denied.

### Procedural History

On July 23, 2010, West-Ward filed a single-issue Motion for Summary Judgment (the "Motion") asserting the defense of unclean hands. On August 23, 2010, Mutual filed its opposition to West-Ward's Motion. On August 31, 2010, over five weeks after West-Ward filed it Motion and one week after Mutual filed its opposition, Excellium filed a letter requesting to join West-Ward's Motion. Accordingly, this is Mutual's first opportunity to respond to Excellium's request.

Hon. Garrett E. Brown, Jr.
September 2, 2010
Page Two

## Argument

Excellium's request to join West-Ward's Motion is premature, fails on the merits, and is procedurally improper.

    A.    <u>Excellium's Request is Premature.</u>

Mutual has filed a Supplemental Rule 56(f) Affidavit ("Supp. Rule 56(f) Aff.") contemporaneously with this letter, which identifies a number of facts set forth in the Doshi Declaration upon which discovery must be conducted to refute Excellium's ill-founded unclean hands theory. *See* Supp. Rule 56(f) Aff. at ¶8(a-i). Mutual therefore requests that the Court deny Excellium's request to join West-Ward's Motion on the ground that it is premature, or in the alternative, allow a continuance to enable Mutual to undertake any and all other discovery necessary to obtain relevant facts that further undercut Excellium's request (and West-Ward's Motion).

Although Excellium's request can and should be denied at this juncture, Excellium's continuous and flagrant disregard for its discovery obligations has significantly impeded Plaintiffs' ability to refute Excellium's assertion of unclean hands. Mutual was forced to file a motion to compel with the Court seeking an order compelling Excellium to (1) immediately produce all documents responsive to Mutual's first set of requests for production and (2) immediately supplement Excellium's amended responses to Mutual's first set of interrogatories and requests for production. The Court ultimately ordered Excellium to produce all outstanding discovery by September 10, 2010.

Additionally, Excellium should not be permitted to frustrate the discovery process and then belatedly join West-Ward's Motion because summary judgment is necessarily fact intensive. Excellium cannot credibly complain about "unclean hands" given that it has consistently imposed obstacles to the discovery process and to the speedy resolution of this Action.

    B.    <u>Excellium's Request for Summary Judgment Fails on the Merits.</u>

The unclean hands defense is an "extreme sanction" that is narrowly applied. *See Restaurant Technologies, Inc.*, at *2. Mutual is presumed to have clean hands, and Excellium must prove the elements of the defense by "clear and convincing evidence." *See Merisant Co. v. McNeil Nutritionals, LLC*, 515 F. Supp. 2d 509, 531 (E.D. Pa. 2007). Excellium clearly has failed to prove the elements of unclean hands by clear and convincing evidence because Excellium has not submitted any evidence of Mutual's unclean hands other than a self-serving declaration from its President, the bulk of which identifies purported "facts" that have no bearing on the issue of unclean hands.

Hon. Garrett E. Brown, Jr.
September 2, 2010
Page Three

      C.      Excellium's Request is Procedurally Improper.

Local Rule 56.1 provides that the party moving for summary judgment must furnish a statement of undisputed material facts, and that "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." See L.R. 56.1 (emphasis added). Excellium has failed to submit a statement of undisputed facts and has thus violated the local rules. Accordingly, Excellium's request to join West-Ward's Motion should be denied on this ground alone.

As the party seeking summary judgment, Excellium bears the initial burden of demonstrating the absence of any genuine issue of material fact. *See Restaurant Technologies, Inc. v. Allora*, 2008 WL 3843527, at *2 (D.N.J. Aug. 15, 2008). Excellium has not remotely satisfied this burden because the only facts that Excellium has put before the Court are contained in a declaration from its president Hasmukh Doshi, and the vast majority of those facts are completely irrelevant to the issue of unclean hands.

Moreover, Excellium cannot rely on the statement of undisputed facts submitted by West-Ward because the facts particular to West-Ward are necessarily different than the facts particular to Excellium. The parties are different and unrelated entities, each with its own particular circumstances surrounding the unlawful conduct at issue in this case. Without knowing the specific facts that Excellium contends are undisputed, Mutual cannot properly respond to and the Court cannot properly weigh the facts and arguments relevant to the issue of unclean hands. If Excellium believed summary judgment was appropriate, it should have properly filed its own motion pursuant to the Federal Rules of Civil Procedure and the local rules.

### Conclusion

Excellium's attempt to obtain summary judgment by simply saying "me too" clearly fails to meet the high burden necessary to obtain summary judgment based on an assertion of unclean hands. For all the reasons set forth above and in Mutual's Opposition to West-Ward's Motion, incorporated by reference herein, Excellium's request to join West-Ward's Motion should be denied with prejudice.

                                      Respectfully submitted,

                                      Gregory D. Miller

cc: All Counsel of Record *(via ECF)*

#283740