H. Richard Chattman
Gregory D. Miller
Damian P. Conforti
Podvey Meanor Catenacci Hildner
Cocoziello & Chattman, P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey  07102

Attorneys for Plaintiffs
Mutual Pharmaceutical Company, Inc.,
AR Scientific, Inc., and AR Holding Company, Inc.

**[Counsel continued below]**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUTUAL PHARMACEUTICAL COMPANY, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>WATSON PHARMACEUTICALS, INC., et al.,<br><br>    Defendants. | Civil Action No.<br>09-5421(GEB)(TJB)<br><br>**SUPPLEMENTAL AFFIDAVIT OF BRENDAN MAGRAB IN SUPPORT OF PLAINTIFFS' REQUEST FOR A CONTINUANCE TO CONDUCT FURTHER DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(F)** |

Cooley LLP
Michael G. Rhodes *(Pro Hac Vice)*
John S. Kyle *(Pro Hac Vice)*
Nathaniel Cooper *(Pro Hac Vice)*
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone:  (858) 550-6000
Facsimile:   (858) 550-6420

Cooley LLP
Peter J. Willsey *(Pro Hac Vice)*
Nishan Kottahachchi *(Pro Hac Vice)*
Brendan J. Hughes *(Pro Hac Vice)*
777 6th Street N.W., Suite 1100
Washington, DC  20001-3703
Telephone:  (202) 842-7800
Facsimile:   (202) 842-7899

Attorneys for Plaintiffs
Mutual Pharmaceutical Company, Inc.,
AR Scientific, Inc., and AR Holding Company, Inc.

I, Brendan Magrab, state as follows:

1. I am the Executive Vice President of Commercial Operations and General Counsel for Mutual Pharmaceutical Company, Inc. ("Mutual"), a pharmaceutical company headquartered in Philadelphia, Pennsylvania.

2. I am of the age of majority and competent to give the testimony contained herein. The testimony herein is based upon my own personal knowledge.

3. On July 23, 2010, Defendant West-Ward Pharmaceutical Corp. ("West-Ward") filed a Motion for Summary Judgment (the "Motion") asserting the defense of unclean hands.

4. On August 23, 2010, Mutual filed its opposition to West-Ward's Motion.

5. On August 31, 2010, Defendant Excellium Pharmaceutical Inc. ("Excellium") filed a letter requesting to join West-Ward's Motion.

6. Mutual has requested a dismissal of West-Ward's Motion and a denial of Excellium's request to join West-Ward's Motion because, as discussed below, discovery is ongoing and, therefore, West-Ward's Motion and Excellium's request to join West-Ward's Motion are premature. Furthermore, document production from the third party Price Lists and Wholesalers is ongoing; expert reports have not been exchanged; and no party, expert, or third party deposition has taken place. In the alternative, Mutual has requested a continuance of this Court's ruling on West-Ward's Motion and Excellium's request to join West-Ward's Motion in order to allow Mutual to obtain affidavits, take depositions, and take any other discovery necessary to present facts that are essential to oppose West-Ward's Motion and Excellium's request to join West-Ward's Motion.

7. As noted above, discovery in this Action is ongoing. Excellium has not completed its document production. Mutual filed a motion to compel with the

Court seeking an order compelling Excellium to (1) immediately produce all documents responsive to Mutual's first set of requests for production and (2) immediately supplement Excellium's amended responses to Mutual's first set of interrogatories and requests for production. The Court ultimately ordered Excellium to produce all outstanding discovery by September 10, 2010.

8. Excellium has not submitted a Statement of Undisputed Material Facts in support of its request to join West-Ward's Motion. Instead, Excellium submitted the Declaration of Hasmukh Doshi, which contains a number of allegedly material facts that Mutual can neither confirm nor deny without further discovery from Excellium and also the third party Price Lists and Wholesalers. In order to oppose Excellium's request to join West-Ward's Motion, Mutual needs further discovery on the following facts:

(a) Whether Excellium holds at least four abbreviated new drug applications (ANDAs) approved by the Food and Drug Administration (FDA) Office of Generic Drugs, and markets a total of eight drug products;

(b) Whether the majority of drugs manufactured by Excellium are approved by the FDA;

(c) The circumstances surrounding the alleged four inspections by the FDA of Excellium's manufacturing facility, including (i) dates of inspection, (ii) reason for inspection, (iii) results of inspection, and (iv) aftermath of inspection, including any warnings, findings, or reports;

(d) Whether Excellium has filed reports of adverse events related to its unapproved colchicine tablets with the FDA;

(e) Whether the FDA has ever warned Excellium about the manufacture and distribution of its unapproved colchicine products, or communicated with Excellium about ceasing the manufacturing, marketing, or distribution of its unapproved colchicine tablets;

(f) The manner in which Excellium markets, advertises, and promotes its unapproved colchicine products, including the type of information provided to the Price Lists and Wholesalers regarding the FDA approval status, safety, and efficacy of its colchicine products;

(g) Whether Excellium's unapproved colchicine tablets are currently available on the Price Lists and Wholesaler Ordering Systems, and if not, when the unapproved colchicine products were removed from the Price Lists and Wholesaler Ordering Systems;

(h) Whether the "N/A" or "N/R" Therapeutic Equivalency Ratings for unapproved colchicine products listed on the Price Lists and Wholesaler Ordering Systems reflect the fact that the FDA has not made a finding of equivalence, or that the drug has not gone through the FDA approval process; and

(i) Whether the Price Lists and Wholesaler Ordering Systems ever reported Excellium's unapproved colchicine products as being approved by the FDA.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Santa Fe, New Mexico, on September 2, 2010.

*(signature)*
Brendan Magrab